ADOLPH REITMEISTER, Respondent, *v.* BERTHA REITMEISTER, Appellant.

First Department, May 24, 1948.

*Samuel Sumner Goldberg* of counsel (*Goldberg & Hatterer*, attorneys), for appellant.

*Isaac M. Rothenberg,* for respondent.

VAN VOORHIS, J. The defendant appeals from an order denying her motion to vacate a warrant of attachment. The action, husband against wife, is mainly to recover a balance of money which plaintiff alleges he delivered to her for necessaries for the household. The complaint contains a second cause of action to replevin two wrist watches and a United States war bond alleged to belong to him. Manifestly, an action in replevin is not one to recover a sum of money only, so that attachment based upon that cause of action will not lie (Civ. Prac. Act, § 902). Defendant moves to set aside this warrant of attachment upon two grounds, (1) that the first cause of action is really in equity for an accounting, and that attachments are refused in equitable actions (*Olsen* v. *U. S. Fidelity and Guaranty Co.,* 230 N. Y. 31, 35), and (2) that regardless of whether an attachment could be issued in aid of the first cause of action if it were not combined with the second cause of action, the entire action must be to recover a sum of money only (Civ. Prac. Act, § 902), and, therefore, joining a cause of action for replevin is fatal, in any event, to the attachment (*Brown* v. *Chaminade Velours, Inc.,* 176 Misc. 238, affd. 261 App. Div. 1071).

Plaintiff attempts to sustain this warrant on the ground that the first cause of action is at law for money had and

received, and is, therefore, one to recover a sum of money only (Civ. Prac. Act, § 902), and that the second cause of action in replevin is also to recover a sum of money only since it is brought to recover damages in event that the personal property to be repossessed cannot be found by the sheriff in the county (Civ. Prac. Act. § 1126). The latter position is overruled without further discussion.

It may well be that the first cause of action is for an accounting in equity, since it alleges that plaintiff delivered $60,000 to his wife for family necessaries, of which she should not have spent more than $20,000, but all of which she asserts that she has disbursed. If the gravaman of this cause of action be to compel her to justify and account for these disbursements, then it sounds in equity. That is something which we do not at this time decide. The action could be one at law on the basis that plaintiff is suing to recover the surplus over what she *did* spend, instead of the excess over what she ought to have spent for the family's requirements. In that event it might be characterized as an action for money had and received (*MacMurray* v. *City of Long Beach*, 292 N. Y. 286, 291).

Assuming, without deciding, that it is such a cause of action, and treating it as though it stood alone, this attachment must, nevertheless, be vacated. It is material and necessary for the plaintiff on that theory to establish that there is an unexpended balance in his wife's hands of the moneys which he furnished to her to care for the household. He alleges that there is such a balance of upwards of $30,000. It is incumbent on an applicant for a warrant of attachment, however, to show under oath that the necessary allegations of his complaint have some basis in fact. These facts may be stated upon knowledge, or upon information and belief provided that the sources of the information and grounds for the belief are set forth (*Finchley, Inc.*, v. *Cooper & Co., Ltd.*, 198 App. Div. 369). The mere averment of facts as upon personal knowledge, however, in a verified complaint or in an affidavit is not sufficient unless circumstances are stated from which the inference can be drawn that the affiant has personal knowledge of the facts which he avers (*Hoormann* v. *Climax Cycle Co.*, 9 App. Div. 579, cited with approval in *Matter of Farley* v. *Wurz*, 217 N. Y. 105, 108, and in *Zenith Bathing Pavilion* v. *Fair Oaks S.S. Corp.*, 240 N. Y. 307, 312; *Einstein* v. *Climax Cycle Co.*, 13 App. Div. 624).

In this instance, although plaintiff states positively that his wife has upwards of $30,000 on hand, he avers no admission on her part to that effect, but rather that she has stated to him that

she has spent the entire amount of money which he entrusted to her. He alleges that her statement is false, since she " should not have spent " more than $20,000. This makes it apparent that he does not know what she did spend, and that he is merely speculating in arriving at this conclusion, without informing the court when he gave her the $60,000, for how long a time she has been supporting the family upon it, what is their scale of living nor how many members of the family are in existence. Not only does this fail to indicate that plaintiff has the personal knowledge which he professes, but it goes far to establish the opposite, and also tends to indicate that this action is for an accounting. From these circumstances, the conclusion follows, under the cases cited, that plaintiff has not shown a factual basis for a cause of action for money had and received sufficient to uphold his attachment.

The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and the motion to vacate the warrant of attachment should be granted.

PECK, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion to vacate the warrant of attachment granted. Settle order on notice.