## LELAND v. MORIN.

United States District Court,
S. D. New York.
May 2, 1952.

Charles A. Morton, New York City, for plaintiff.

Wittenberg, Carrington & Farnsworth, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

In this action arising under 28 U.S.C. § 1655, the plaintiff seeks a judgment establishing, among other things, her alleged title to joint ownership and her right to the possession of certain copies of an unpublished manuscript entitled: "The Interpretation of Rorschach Diagnostic Symbols— A Reference Book". She also seeks to enjoin defendant's use and publication of the manuscript.

Plaintiff has made two motions which are before me: (1) for an injunction pendente lite restraining the defendant and her associates from publishing the manuscript; and (2) for a writ of attachment for the manuscript, entitled "The Interpretation of Rorschach Diagnostic Symbols—A Reference Book—By Eileen G. Morin, Rehabilitation Department, Triboro Hospital, Jamaica, New York", etc.

Without going into great detail, the plaintiff alleges that she is the joint authoress of the book in question and that the defendant has refused to recognize her as such; that the defendant has taken drastic steps toward the publication of the manuscript without consulting her; that the manuscript is incomplete and inaccurate and publication of it in its present form would seriously injure the plaintiff's professional standing; that despite the fact that the plaintiff made the major contribution to the manuscript, defendant is insisting upon a distribution of royalties from the sale of the contemplated book which would work unfairly to the defendant's advantage; that the plaintiff is a Clinical and Certified Pyschologist and is the Coordinator of Rehabilitation in charge of the Department of Rehabilitation at the Triboro Hospital, Jamaica, New York, and a Diplomate in Clinical Psychology of the Medical Board of Examiners; that the defendant gives instructions in commercial subjects to patients being rehabilitated at Triboro Hospital and she merely works part time there. As a result, the plaintiff charges, the defendant seeks to trade upon plaintiff's professional standing in the field of psychology by publishing the manuscript and distributing the book, which, in its present form,

will bring plaintiff into professional disrepute.

Specifically, the plaintiff's grievances against the. publication of the manuscript may be summarized as follows:

(a) the title is inaccurate;

(b) in addition to other omissions, the manuscript omits all reference to the writings of Dr. Marguerite Hertz, who has made some of the most important contributions to Rorschach interpretation;

(c) the names of the authoresses are not listed in the order of their professional standing. If the usual practice were followed, the plaintiff's name would be listed first;

(d) in the manuscript defendant does not truly represent the nature of her association with the Triboro Hospital.

The defendant, on the other hand, denies that the plaintiff was the joint authoress of the manuscript, but admits that the plaintiff did participate in writing small portions of it and contributed insignificant amounts to it; avers that she is willing to give the plaintiff due credit for these contributions by naming her as co-authoress and is ready to share whatever royalties may come from the distribution and sale of the book on the basis of 75% to defendant and 25% to plaintiff; and alleges that the plaintiff abandoned whatever interest she had in the book by her disassociation from the project; and asserts that the entire problem may be mooted by reason of the fact that the publisher, Grune & Stratton, Inc., who had originally agreed to publish the manuscript, has lost interest in the project as a result of the dispute which has arisen and the delay attendant upon it.

The successful party is thus faced with the unfortunate prospect of a Pyrrhic victory. The affidavits radiate bitterness, and it is almost inconceivable that the parties could continue their collaboration on the manuscript in order to bring about a finished product agreeable to both. Upon the argument, counsel for plaintiff said the personalities involved are simply incompatible. The suggestion was made by counsel for the defendant—a wise one, I believe, in view of the time element and the cir-

cumstances involved—that the entire case be referred to a Special Master who, by a reading of the manuscript and a comparison of the respective notes of the parties, could determine what each of the parties had indeed contributed to the manuscript. Plaintiff will not acquiesce to this proposal, and there is no alternative but to make a determination of the applications pending before me which, at best, I feel will not terminate the bitter dispute.

Plaintiff relies upon the principle of law that since the parties have agreed to carry out a joint project and have participated in it, it is immaterial if one does a larger share of the work. The contention is that they are joint owners. I need pass no opinion upon this principle, for it plays no part in my ultimate conclusions on these motions.

The facts are seriously disputed by the parties. Their positions clash at every vital point. The plaintiff asks for two Court orders dependent solely upon utterly contradictory affidavits by the parties and their witnesses.

■ At the outset, I shall dispose of the motion for a writ of attachment. Plaintiff bases her motion for the writ upon 28 U.S. C. § 1655 and Section 902 of the New York Civil Practice Act. Neither section empowers this Court to order the writ. Section 1655 authorizes the commencement of an action to enforce a lien or claim to, or to remove any encumbrance or lien upon, the title to real or personal property within the district where any defendant cannot be served within the state or does not voluntarily appear. Section 902 authorizes the issuance of a writ of attachment in an action for *money only*. Certainly this is not an action to recover a sum of money only. This action sounds in equity. Indeed, it is an equitable action in rem, for the plaintiff is trying to establish a claim to the manuscript by her action proper. There is no authority for the issuance of a writ in an action of this type. Olsen v. United States Fidelity & Guaranty Co., 1920, 230 N.Y. 31, 128 N.E. 908; Reitmeister v. Reitmeister, 1st Dept., 1948, 273 App.Div. 652, 79 N.Y.S.2d 22 and Lazenby v. Codman, D.C. S.D.N.Y.1939, 28 F.Supp. 949. Further-

more, the typescript copy of the manuscript which was in the possession of the publisher has been delivered to the plaintiff. The other copy alleged by plaintiff to be outstanding is one reputedly in someone's possession at Columbia University. Defendant's counsel asserted upon the argument that there is no copy of the manuscript in the hands of anyone at Columbia University. Accordingly, I can see no basis for a writ of attachment in law or fact.

I come now to the application for an injunction pendente lite. Injunction is a drastic remedy. It follows, therefore, that a determination of such an application cannot depend upon the length of the affidavits submitted or the vehemence of the charges. The parties are hurling charges and countercharges at each other. The defendant's assertions are as convincing as plaintiff's. Obviously, I cannot, by a reading of the cold print, determine the credibility of the respective affiants.

The threat of publication has evaporated and this factor carries much weight. The publisher was advised by the defendant that there was to be no publication of the manuscript without the written consent of both the plaintiff and the defendant, and it has agreed to and accepted this advice.

 Upon the argument of this motion, plaintiff's counsel did not agree with the observation of this Court that the power to issue an injunction is an extraordinary one. It has always been the rule that the power to issue injunctions is an extraordinary one which should be used with moderation, and then only in a clear and unambiguous case. Irwin v. Dixion, 1850, 9 How. 10, 50 U.S. 10, 13 L.Ed. 25; Hunnewell v. Cass County, 1874, 22 Wall. 464, 89 U.S. 464, 22 L.Ed. 752; City of Harrisonville, Mo. v. W. S. Dickey Clay Mfg. Co., 1933, 289 U.S. 334, 53 S.Ct. 602, 77 L.Ed. 1208. Courts of equity should not apply this power merely to allay litigants' fears. Northrop Corp. v. Madden, D.C.S.D.Cal.C. D.1937, 30 F.Supp. 993; Skelly v. Dockweiler, D.C.S.D.Cal.C.D.1947, 75 F.Supp.

11. The courts are reluctant to grant the remedy of injunction even after trial unless there has been a clear showing of potential injury, which is neither remote nor speculative, and for which there is no adequate remedy at law. A fortiori, a prayer for an injunction based solely on affidavits should be denied unless the affidavits attest with crystal clarity and without speculation to the imminence of real injury to the movant. The principle was summarized by this Court in Worthington Pump and Machinery Corporation v. Charles Douds, D.C., 97 F.Supp. 656, at page 661:

> "The courts are in complete agreement that the issuance of an injunction even after trial is a singular and unusual remedy to be exercised sparingly. Upon a motion for a temporary injunction, a fortiori, there should be greater reluctance to exercise this drastic power of injunction by a mere appraisal of affidavits which leave doubt as to whether plaintiff's fears are real and imminent or are speculative and based merely upon apprehension of future injury which may never result."

It is highly unlikely that any publisher would undertake the publication of this manuscript before the dispute is terminated. Furthermore, the defendant asserts with persuasiveness that no publication is contemplated, and, indeed, Grune & Stratton, Inc., has agreed not to publish without the written consent of both parties. The subject matter of the manuscript is not one of general interest and there is no wide demand for literature of this kind. The real injury to plaintiff in the event of a denial of her motion for injunction escapes me. The injunctive power of courts was not fashioned for the repression of chimeras.

The motions for a writ of attachment and for an injunction pendente lite are denied.

This case should be tried expeditiously. An application may be made by the parties to the Chief Judge for a preference. Settle order.