CHASEZ, Judge.
The defendant-appellants, City of Ken-ner, its Mayor Edward D’Gerolamo, and its Aldermen, Raymond Dupepe, Lebo Man-cuso, and Michael Damiano, appeal from a judgment rendered against appellants (and two other defendants, i. e. Joseph Yenni and Anthony Bertolino; also Aldermen of the City of Kenner who did not appeal) by the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana in favor of plaintiff-appellee, Salvador J. Lentini, Marshal of the City of Kenner, decreeing Sections IV and V of Ordinance No. 936 enacted by the City of Kenner to be ultra vires acts of the Board of Aldermen of the *312 City of Kenner affecting the power and authority of the Marshal of the 'City of Kenner in contravention of law and to be null and void; and, further, permanently enjoining and restraining the City of Ken-ner, its Mayor and Board of Aldermen from enforcing the provisions of said Sections of said ordinance.
The Sections referred to read as follows:
“SECTION IV. Duties of Marshal and Chief of Police.
(1) Such officer shall conduct such schools as the Board of Aldermen shall order.
(2) Such officer shall be a constable.
(3) Such officer shall personally investigate all felonies committed in the City of Kenner and issue a written report quarterly to the Mayor and Board of Aldermen, describing the status of all felony cases under investigation.
(4) Such officer shall obtain from the Clerk of the 24th Judicial District Court all infdrmation of felonies occurring within the boundaries of the City of Kenner filed in said Court and aid in said prosecution and/or investigation necessary to bring said cases to a conclusion.
(5) Such officer shall investigate all abandoned vehicles causing obstruction of public property and make recommendations by report monthly to the Mayor and Board of Aider-men.
(6) Such officer shall have charge of:
(a) The central complaint desk and of dispatching of police records.
(b) Identification and custody of property to be used in evidence in Mayor’s Court or to be filed with the Clerk of the 24th Judicial District Court for evidence in said Court, or to be filed with the City Clerk for evidence in Mayor’s Court of the City of Kenner.
(7) Such officer shall be responsible for the operation of detention quarters and to assure that prisoners are properly cared for.
(8) Such officer shall supervise and have charge of the preparation of police reports for the prosecution of criminal cases and in cooperation with the City Clerk, to cause witnesses to attend' Court.
(9) Such officer shall have supervision of the taking of fingerprints and other techniques of criminal investigation.
SECTION V. Duties of the Police Captain (Senior in length of service under Civil Service Laws).
(1) Direct supervision of the motor patrol division and shall have charge of:
(a) The control of traffic and public safety.
(b) Traffic educational program.
(c) Direct raids and make arrests as necessary.
(2) Make all personnel and division assignments and post said assignments on the Police Bulletin Board and file a copy with the City Clerk and with the Marshal.
(3) Keep a list of all special deputies assigned to business or public gatherings. Instruct said deputies in their powers, duties and obligations. File said list with the City Clerk and Marshal.
(4) Be in charge of all City Police property such as motor vehicles so as to assure that vehicles are cared for in accordance with a schedule of preventive maintenance established by the Mayor and Board of Aldermen for City equipment.”
*313 The judgment of the lower Court was rendered pursuant to the petition of Salvador J. Lentini wherein it was alleged that the ordinance was null, void, illegal and unconstitutional in that it attempted to deprive the petitioner of the powers and emoluments of his office, to indirectly abolish the petitioner’s position as Marshal, and is so vague as to leave the petitioner completely at the mercy of the interpretation thereof by the Mayor and Board of Aldermen of the City of Kenner. In addition, the following allegations were made:
“V.
“That there are conflicts in the provisions of the ordinance which conflicts will strip petitioner of his authority, hamper the successful operation of his office and make it physically impossible to perform the duties as Marshal:
“Section 4(1) requires petitioner: ‘Conduct such schools as the Board of Aldermen shall order’, while Section 5 (1) (b) places the entire traffic educational program in the hands of the police captain rather than your petitioner.
“Section 4(1) is so broad, general, arbitrary and unreasonable as to place petitioner at the beck and call of the Board of Aldermen.
“Section 4(3) requires petitioner personally investigate all felonies committed in the City of Kenner as well as issuing written reports quarterly to the Mayor and Board of Aldermen, describing the status of all felony cases under investigation. Although he is required personally to investigate all felonies, Section 5(1) (c) gives complete authority to the Police Captain rather than petitioner to direct raids and make arrests as necessary. That in the investigation of felonies, including, but not limited to narcotics, possession of stolen goods, burglary and pandering, raids are an effective means of obtaining evidence and securing arrests, and yet your petitioner while being required to personally investigate all felonies is deprived of any means of investigating felonies.
“Section 4(6) (a) states that petitioner shall have charge of: The central complaint desk and of dispatching police records; whereas Section 5, Sub-Section 2 gives complete authority to the Police Captain rather than petitioner to make all personnel and division assignments in the Police Department, and thus a conflict exists in petitioner effectively trying to dispatch policemen or units upon complaints received while the Police Captain has the authority to assign personnel to matters other than to those required by petitioner.
“Section 4(7) makes petitioner responsible for the operation of detention quarters and to make sure prisoners are properly cared for; while Section 5 (4) places the Police Captain ‘in charge of all City Police property.’
“Section 4(6) (b) places the responsibility upon petitioner as custodian of evidence to be used in the Mayor’s Court or the 24th Judicial District Court; while Section 5(4) is broad enough to permit the Police Captain to take complete charge of any and all evidence, documents, and demonstrative evidence.
“Further in connection with the responsibility for the operation of detention quarters, your petitioner can be deprived of effectively meeting this responsibility by Section 5(2) in that all personnel would be subject to the assignment and control of the Police Captain even in the event of a jail break or attempted jail break.
“Section 4(5) requires petitioner to investigate all abandoned vehicles causing" obstruction on public property whereas the entire control of traffic and public safety is under the authority and control of the Police Captain as set out by Section 5(1) (a).
“Section 4(9) requires petitioner to have supervision of the taking of finger *314 prints and other techniques of criminal investigations', and again Section 5(2) granting to the Police Captain the authority to make all personnel and division assignments can effectively deprive petitioner of completing the investigation of crimes and following out the techniques of criminal investigations in that he could be deprived of the use of all personnel of the department.
“Section 4(6) (b), requiring petitioner to identify and file evidence, is vague, general and indefinite in that nowhere in the ordinance does it set out a procedure for turning evidence into his custody nor does it set out who shall set up such procedure, and thus petitioner, although having the responsibility of the custody of such evidence and its identification, could be deprived of its ever being filed properly.
“VI.
“Petitioner avers that the City of Kenner’s present population is approximately 26,000 and that the requirements made of him under the subject ordinance together with the deprivation of any authority as is shown by the authority granted the Police Captain rather than petitioner in Section 5 of said ordinance would render it physically impossible for petitioner to discharge all of the duties required of him under the ordinance and thus is an indirect means of abolishing or nullifying his office.

“VIII.
“That under Section 4(1) alone your petitioner could be deprived of any opportunity of effectively discharging the duties of his office in that the Board of Aldermen would have the arbitrary, capricious and unreasonable right to order petitioner to conduct various and sundry schools requiring all of his time for this one facet.
“IX.
“That the ordinance further requires the submission of innumerable monthly and quarterly reports whereas he is provided no clerical help of any kind whatsoever, nor even assistance of police officers, as will be seen from Section 5 of the said ordinance.
“X.
“That the ordinance places upon petitioner the entire responsibility of any and all actions done by the members of the police department, while at the same time deprives him of any authority or control over said officers.
“XI,
“In view of the fact that the Mayor and Board of Aldermen would have the authority to remove petitioner for cause, petitioner would have no control over the creation of said cause in that he is deprived of the right of supervision over the actions of the police officers of the City of Kenner; thus, this is also an indirect means of abolishing or nullifying the office of petitioner.
******
“XIII.
“Petitioner further avers that the said ordinance results in a deprivation of petitioner’s rights without due process of law and deprivation of his property rights without due process of law and that the enforcement of the said ordinance will result in irreparable damage to petitioner and his property rights and his fundamental personal rights, in that it will deprive him of the privileges and emoluments of his office, and for which the law affords no adequate remedy other than these injunction proceedings.”
It was stipulated at the trial of this matter that in the last Federal census of the City of Kenner, the population was seventeen thousand. Offered into evidence was a *315 certified copy of the disputed ordinance and the Civil Service law provisions applying to the Firemen and Policemen of the City of Kenner.
A temporary restraining order was granted in the premises which was followed by the judgment of the Court granting a permanent injunction prohibiting the defendants from enforcing the above quoted Sections IV and V of the ordinance. In rendering its judgment the Court in its written reasons stated that two issues were presented for adjudication:
“(1) Does the Board of Aldermen have the authority to prescribe the exclusive duties and functions of the Marshal and thereby restrict or lessen his powers and authority; and (2) May the Board of Aldermen validly exercise active, direct administrative control of the Police Department of the City of Kenner by the delegation of authority to an officer within the department to the exclusion of the Marshal and Chief of Police.”
The basic issue posed to this Court for consideration is whether or not Sections IV and V of Ordinance 936 is in conformity with the legislative provisions relating to the power structure of municipal government, as enacted by the legislature of this State.
The City of Kenner is governed by a Mayor-Board of Aldermen form of government provided for by the statute known as the Lawrason Act set forth in Revised Statutes .33:321 et seq. The public officials contemplated by this form of government under the law are a Mayor, Aldermen, Marshal, Tax Collector, Clerk and Street Commissioner. The Mayor, Aldermen and Marshal are elected by the people, the Mayor and Marshal being elected at large. R.S. 33:381. The balance of the officials are elected by the Board of Aldermen. R. S. 33:386.
The powers of a municipality under this form of government are set forth in R.S. 33:361, including the power * * * “to make all contracts and to do all other acts in relation to its property and concerns necessary to the exercise of its corporate or administrative powers. * * * ” Section 362 provides that the powers “shall be exercised by the mayor and board of aider-men of the municipality.”
R.S. 33:401, entitled “Powers of mayor and aldermen; ordinances authorized” states that “the mayor and board of aider-men of every municipality shall have the care, management and control of the municipality and its property and finances. They shall have the power * * * ” among other things, “(6) To make all police regulations necessary for the preservation of good order and the peace of the municipality; and to prevent injury to, destruction of, or interference with public or private property * * * ” and
“(30) To provide for municipal officers other than those required by this Part who may be found necessary; Jo prescribe the duties and fix the compensation of all officers and employees, subject to any applicable civil service law; and to require bonds with sureties for the performance of duties from all officers and employees.
“(31) To provide for the removal of officers and discharge of employees for misconduct or neglect of duty, subject to any applicable civil service law.
“(32) To pass all ordinances and to enforce the same by fine not to exceed one hundred dollars, or imprisonment not exceeding thirty days, or both. * * * ” (emphasis added)
Additional powers of the Mayor and Aldermen applicable to the City of Kenner are enumerated in Section 402, including the power:
“(4) To establish, regulate, and support night watch and police and define the duties thereof, subject to any applicable civil service law.”
*316 Section 404 prescribes the duties of the Mayor and incidentally was adopted verbatim as Section III of Ordinance 936. Included in this statute are the following- provisions :
“He shall have the superintending control of all offices and affairs of the municipality; shall actively and vigilantly see that all the laws and ordinances are properly executed and enforced * * *. He may require any officer of the municipality to exhibit his accounts or other papers, and to make report to the board of aldermen, in writing, on any matter pertaining to his office.”
R.S. 33:423 states that the “marshal shall be ex-officio a constable. He shall be the chief of police and shall perform all other duties required of him by ordinance.” (Emphasis added)
The City of Kenner is also subject to Section 15.1 of Article XIV of the Constitution of Louisiana, relative to fire and police civil service provisions. Paragraph 7(h) provides that the municipal Civil Service Board shall “[ajdopt and maintain a classification plan. * * * ”
The classification plan for the City of Kenner states the following relative to the position of “Police Captain”:
“This is an important law enforcement position involving responsibility for directing and supervising the activities of the Uniform Division according to established police procedures, and policies outlined by the Chief. * * * This class ranks immediately below the Assistant Chief and is subject to his general supervision.”
The effect of the above provisions will be determinative of the basic questions presented in this case. In interpreting the disputed ordinance, the Court below concluded :
“Section 4 of Ordinance No. 936, adopted on November 14th, 1966 is entitled: ‘Duties of the Marshal and Chief of Police’. It enumerates nine specific functions to be performed by the marshal. While the duties assigned are consistent with those normally under the control of the Chief of Police, apparently, it is the intent of this section to restrict his authority to these particular activities, since it contains no provisions reserving any other powers to them.
“In section 5 of said Ordinance, the direct and absolute control of all police personnel and property is vested in the Police Captain, who is ‘Senior in the length of service under Civil Service Laws.’ This section makes no reference to the supervisory authority of the Chief of Police and therefore, it must be assumed that the Captain is accountable only to the Board of Aldermen, from whom he derives his authority. It completely removes all personnel and equipment of the department from the control and jurisdiction of the marshal.”
We find that we cannot agree with the opinion of our respected colleague below. In the first place, we do not interpret the ordinance as prescribing the exclusive duties and functions of the Marshal, and thus we do not feel that the question of the power of the Board of Aldermen to restrict or lessen his powers is raised, but the issue presented is whether or not the additional duties prescribed are within the power of the Mayor and Board of Aider-men to fix by ordinance. The second issue presented is that as stated by the lower court, whether or not the Mayor and Board of Aldermen could validly exercise direct administrative control of the Police Department of Kenner by the delegation of authority to an officer within the department. We disagree with the holding of the lower court that the ordinance completely removes all personnel and equipment from the control and jurisdiction of the Marshal.
A mere reading of Section ■ IV of the ordinance discloses to us, contrary to the conclusions of the Court below, that its *317 provisions are not exclusively functions which attend the office of Marshal, Chief of Police or Constable, but are to be considered additional duties to these functions, and that Section V assigns certain specific supervisory duties to the Police Captain for which he is responsible to the Mayor and Board of Aldermen and not the Marshal. The ordinance should be interpreted to sustain its validity, if it is susceptible to a reasonable interpretation having this effect.
The trial Court, in its reasons for judgment, pointed out that the duties and powers of a Chief of Police are not defined by our statutory or jurisprudential law, with which we agree. And we also agree with his conclusion that the Marshal was “vested with all of the powers and authority normally associated or identified with the office of the Chief of Police.” The language of R.S. 33:423, that the Marshal perform “all other duties required of him by ordinance” indicates that his basic office may not be circumscribed or detracted from by the Mayor and Board of Aldermen. However, what we are faced with here by Sections IV and V are additional duties assigned to the Marshal and special duties assigned to the Police Captain by the Mayor and Board of Aldermen. R.S. Section 33 :- 423 specifically provides for the prescribing of additional duties to the Marshal by ordinance, and the Mayor-Board of Aldermen form of government contemplates that the duties of all officers and employees thereof be prescribed by ordinance and statute; the plain wording of R.S. 33:401(30) does not except the office of the Marshal and Chief of Police or the Captain from this authority. The fact that the Marshal is an elected official does not alter the jurisdiction of the Mayor and Board of Aider-men over his duties. There are many elected officials in state and municipal governments who are similarly answerable to the powers of other elected officials.
The previously quoted statutory law additionally indicates to this Court that the powers of the City of Kenner are to be exercised by the Mayor and Board of Aider-men (R.S. 33:362) and that they are ultimately responsible for the policing of the municipality (R.S. 33:401(6); 402(4); 404).
These responsibilities are coupled with the right of seeing to their .discharge through the legislative delegation of duties in a manner deemed fit by the legislating authority to accomplish the end of policing the community.
It should be noted in this connection that the record contains a letter from the Department of Justice of the State of Louisiana addressed to the Mayor of Ken-ner, dated October 24, 1966, stating that Ordinance 936 was valid under the provisions of the Lawrason Act. While this opinion from the office of the state Attorney General is not decisive of this matter, we accord it respect and have considered it in reaching our conclusion.
It is contended by appellee that the right of prescribing duties in the statutory law is limited by the phrase “ * * * subject to any applicable civil service law.”, and the provisions of law relating to the position of Police Captain being subject to policies outlined by the Police Chief in the Civil Service Classification Plan of Kenner are pointed to by the Appellee.
The Civil Service Classification Plan was adopted pursuant to the Civil Service Law which is part of the Louisiana Constitution. As indicated, under this law a classification plan was adopted by the municipal Civil Service Board, and the Civil Service Law, Paragraph 14 of Article 14, Section 15.1 states:
“Whenever the duties of a position are so changed by the appointing authority that the position in effect becomes one of a different class from that to which it is allocated, the change shall operate to abolish the position and to create a new position of the different class.”
*318 “Appointing authority” is defined as any “official, officer, board, commission, council, or person having the power to make appointments to positions in the municipal fire and police service.” Article XIV, Section 15.1 Par. 3(b). The Civil Service Law recognizes the power of the “appointing authority” who, in this case, is the Mayor and Board of Aldermen, to change the duties of any position classified by the Board. Thus, the Police Captain’s duties and position are not rigidly fixed by virtue of the Board’s classification and description, and the Civil Service law itself allows for changes in the position by the municipal government.
Turning to the specific conflicts that are alleged by the appellee to be manifested in the ordinance, we conclude that the fears asserted by the appellee in this regard are not shown to be valid.
Section 4(1) requiring the Marshal to conduct schools while Section 5(1) (b) places the traffic educational program under the Police Captain is not a conflict; 5(1) (b) is an exception to 4(1). Nor is Section 4(1) “broad and unreasonable” in view of the powers of the Board of Aldermen to prescribe additional duties.
The fact that the Police Captain is given the charge of directing raids in 5(1) (C) can not serve to infringe upon the Marshal’s investigation of felonies and the two powers must be construed together so as not to limit the Marshal’s power to conduct his own raids as necessary.
We fail to see any conflicts in Section 4(6) (a) and 5(2); the operation of the central complaint desk does not require the Marshal to have charge of arranging work assignments, which has been delegated to the Police Captain. Section 4 (7) (Marshal responsible for operation of detention quarters) is an exception to 5 (4) (Police Captain in charge of the City Police property) even assuming the detention quarters to be “city police property.” The same applies to the alleged conflicts between 4(5) (Marshal to investigate abandoned vehicles) and 5(1) (a) (Police Captain in control of traffic regulations), and between 4(6) (b) (Marshal custodian of evidence) and 5(4) (Police Captain in charge of city police property).
A conflict is alleged between 5 (2) giving the Police Captain charge of personnel assignments and 4(6) (b) (Marshal custodian of evidence) and 4(9) requiring the Marshal to have supervision of the taking of finger prints and other techniques of criminal investigations, in that the Marshal might possibly be deprived of the personnel required to perform these tasks. However, these sections must be read in pari materiae and the personnel assignments by the Police Captain would have to be so calculated as to meet the needs of the Police Chief. Finally, we do not find 4(6) (b) to be vague and indefinite merely because the Marshal is invested with discretion in determining the procedures to be used in handling evidence.
Nor is there any evidence to show that the reports required would be so burdensome as to hamper him in the discharge of his duties or require allegedly unprovided for clerical help. We do not feel that the ordinance places any responsibility for any duties which are not entrusted to his charge, and are at a loss to find an indication of this intent.
We find, in general terms, that Sections IV and V of Ordinance 936 are not shown to have deprived the petitioners of the powers and emoluments of his office, nor does it indirectly “abolish or nullify” the petitioner’s position as Marshal, and finally, it is susceptible of reasonable interpretation under which the office-holders may act.
We also find, however, that, as previously indicated, the Marshal is possessed of a status as Chief of Police and Constable and is thus equipped with inherent powers of office which cannot be legislated away by ordinance.
*319 We do not address ourselves to the legislative wisdom or motivation for the ordinance at issue here as our function is limited to deciding its validity. The duties assigned to the Marshal in Section IV are valid as additional duties imposed by duly constituted authority. The duties and powers prescribed for the Police Captain in Section V are such as to be in furtherance of the powers of the Mayor and Aldermen to make police regulations and of the Mayor to superintend the./Jafficgs^ and affairs of the municipality * * * ” and “actively and vigilantly see. that all the laws and ordinances are properly executed and enforced.” But all of Section V is to he construed with regard to the general and special powers of the Marshal and do not detract from his right to act as constable and Chief of Police, although the Police Captain is given supervision over the motor patrol division and the ministerial duty of administering personnel assignments and City police property.
Finally, the allegations of the appellee’s petition and the record disclose no overt actions of appellants, or incidents caused by them, or threats made by them which interfered with the Marshal’s exercise of his powers or discharge of his duties. Indeed, the pleadings of the defendants-appellants indicate an intent that the Ordinance be construed and executed in consonance with the Marshal’s inherent powers as Constable and Chief of Police, and specifically deny that his inherent powers are limited by the Ordinance. The Marshal’s allegations appear to be merely conclusion-ary on his part, and are not based upon the actions of anyone to his detriment.
The Court is of the opinion that the Marshal of the City of Kenner has acted precipitately in seeking an injunction against the enforcement of Sections IV and V of Ordinance 936, based upon his anticipation of what may be attempted against him and the powers of his office under color of that ordinance, and not upon a real prospect of irreparable injury caused by overt actions of the appellants. This Court will not affirm a judgment granting an injunction based upon fear of what may occur under provisions of what otherwise is valid legislation on its face enacted by the Board of Aldermen. Until the contrary be shown, it is presumed that its interpretation and execution by the officials of the City of Kenner will likewise be valid. See Humble Oil & Refining Company v. Harang, 262 F.Supp. 39, at page 42 (D.C.La.1966) ; Worthington Pump and Machinery Corp. v. Douds, D.C., 97 F.Supp. 656 (1951) ; Leland v. Morin, D.C., 104 F.Supp. 401 (1952).
The record reflects that counsel stipulated that the evidence adduced in the matter should be considered by the Court in support of the plea for a permanent injunction; and the Court, accordingly, granted a permanent injunction herein.
For the reasons herein set forth it is ordered and decreed that the judgment rendered and signed by the Court a qua on the 28th day of December 1966 in favor of plaintiff-appellee, Salvador J. Lentini, individually and as Marshal of the City of Kenner, against the City of Kenner, its Mayor Edward D’Gerolamo, and its Aider-men Raymond Dupepe, Lebo Mancuso, Michael Damiano, Joseph Yenni and Anthony Bertolino, individually and in their official capacities, is reversed and annulled; and it is further decreed that the suit filed by appellee, Salvador J. Lentini, against the City of Kenner and all other appellants individually and in their official capacities is dismissed.
Appellee Salvador J. Lentini to pay all costs in this Court as well as the Court a qua.
Reversed and rendered.