Thomas J. REEDER et al., Plaintiffs,

v.

MASTERCRAFT ELECTRONICS COR-
PORATION, Al Dayon, James S. Far-
nell, and H. John Gluskin, Defendants.

No. 68 Civ. 5007.

United States District Court
S. D. New York.

Feb. 3, 1969.

Sidney B. Silverman, New York City, for plaintiffs.

Baar, Bennett & Fullen, New York City, for defendants; Milton I. Newman, New York City, of counsel.

1. "§ 6201. Grounds for attachment.
   An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when:

## OPINION

**HERLANDS, District Judge:**

This motion poses a question of practical importance in the expanding field of private litigation arising out of claimed violations of the federal securities acts.

The motion is made by defendants who seek to vacate the order of attachment issued December 16, 1968 on plaintiffs' behest by the judge then handling *ex parte* applications. The ground of the motion is that plaintiffs' claim predicated on violations of the federal securities laws is not an action " * * * to recover damages * * * for fraud or deceit" within the meaning of New York Civil Practice Law and Rules (N.Y. CPLR) § 6201(7), a statute which authorizes the issuance of an order of attachment and which is made applicable to this case by Fed.R.Civ.P. 64. Alternatively, defendants contend that the affidavits accompanying the order of attachment are insufficient because they do not meet the requirements of N.Y. CPLR Rule 6212 (a) as judicially interpreted.

### I.

N.Y. CPLR § 6201(7) permits the issuance of an order of attachment when "there is a cause of action to recover damages * * * for fraud or deceit."[1] This provision was adopted in 1963, when the CPLR was enacted. Although there is no relevant legislative history, it is generally accepted that the provision authorizes attachment in all common law tort actions for fraud and deceit. See McLaughlin, Supplementary Practice Commentary, 7B N.Y.C.P.L.R. § 6201 (McKinney ed. 1968 Supp.); 7A Weinstein, Korn & Miller, N.Y. Civil Practice § 6201.16 (1968).

* * * * *

7. there is a cause of action to recover damages for the conversion of personal property, or for fraud or deceit."

817

Defendants argue that, because a cause of action brought under the federal securities laws is a statutory, as distinguished from common law, action for fraud, attachment, under this provision, was unavailable. There is an absence of judicial authorities and commentaries on this precise point.

In this Court's opinion, CPLR § 6201(7) is applicable to any claim based upon operative facts that would sustain an action for common law fraud, regardless of the legal theory actually asserted by plaintiff. The public policy permitting attachment for security in cases involving fraud—that defendant's prior conduct makes it likely that he would disregard any judgment rendered against him and frustrate plaintiff's efforts to collect the judgment—is no less valid where fraudulent acts are sought to be redressed under the federal securities laws rather than under the common law. This is not to say, however, that a plaintiff is entitled to an order of attachment, of right, in an action brought for violation of the anti-fraud provisions contained in the federal securities acts. Section 6201 places the matter wholly within the court's discretion. Before issuing an order of attachment, the court must be convinced that the order is necessary for the *security* of plaintiffs. 7A Weinstein, Korn & Miller, supra § 6201.03. In this case, however, there has been no claim by defendants that, if attachment is available and the motion papers are sufficient, there was an abuse of discretion because the attachment was unnecessary for plaintiffs' security.

Hence, the pertinent inquiry is: Have plaintiffs, in their complaint, stated a cause of action for fraud and misrepresentation under New York law?

The complaint is structured in two counts: (1) it is alleged that defendants distributed over 250,000 shares of Mastercraft Electronics Corp. common stock without having a registration statement in effect and that plaintiffs were purchasers of this unregistered stock; and

(2) it is alleged that defendants conspired to manipulate the price of Mastercraft common stock; that they accomplished this objective by filing a false and misleading financial statement and annual report with the S.E.C.; and that plaintiffs, in reliance thereon, purchased Mastercraft common stock to their detriment.

The first count, based on violations of sections 5 and 12(1) of the Securities Act of 1933, 15 U.S.C. §§ 77e, 77*l*(1) (1964), does not allege any facts giving rise to a claim founded on fraud. Liability, if any, arises from the mere distribution of unregistered stock.

The Court, therefore, turns to the second count, charging manipulation and misrepresentation in violation of § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b) (1964), and S.E.C. Rule 10b–5 thereunder. The complaint specifically charges that defendants made certain representations which were false and that they were made by defendants for the purpose of defrauding the public. If these allegations are proven, plaintiffs will have demonstrated inferentially that defendants had knowledge of the falsity of the representations. Plaintiffs also assert that they relied on the representations and purchased stock. Consequently, the complaint would appear to contain all of the "essential constituents" of an action for fraud, which "are tersely and adequately stated as representation, falsity, *scienter*, deception, and injury." Ochs v. Woods, 221 N.Y. 335, 338, 117 N.E. 305, 306 (1917); Accord Sager v. Friedman, 270 N.Y. 472, 479, 1 N.E.2d 971, 973 (1936).

In Reno v. Bull, 226 N.Y. 546, 124 N.E. 144 (1919), the court applied this formula in an action similar to the instant one. Plaintiff had purchased stock in reliance on a prospectus which included a letter sent by the president of the issuing company to the investment bankers, who were the underwriters. This letter contained various factual statements as to the company's operations, probable earnings and dividends. The court held that an action for fraud and deceit would

be made out if the defendant directors, who had approved the prospectus, made false representations with knowledge of their falsity for the purpose of deceiving the public, and plaintiff, believing the representations true, purchased the stock and was thereby damaged.

While this is the first reported case where the issue was litigated, it is not the first case where an order of attachment has issued in an action alleging violations of § 10(b) and Rule 10b–5.

The district court issued an order of attachment in A. T. Brod & Co. v. Perlow, 66 Civ. 3366 (S.D.N.Y.), the merits of which, however, were not contested. When the Court of Appeals reversed the dismissal of the action, it directed, without discussion, the reinstatement of the order of attachment. 375 F.2d 393, 398 n. 6 (2d Cir. 1967).

Likewise in D. H. Thomas & Co. v. Koenig, 68 Civ. 618 (S.D.N.Y.), the district court issued an order of attachment in an action under the anti-fraud provision of the Securities and Exchange Act of 1934. There too the issuance of the order was not challenged.

This Court, therefore, holds that the second count pleads a cause of action in which an order of attachment may issue. Defendants' motion to vacate the attachment for the asserted reason that this is not an action for "fraud" is hereby denied except to the extent that the order of attachment is hereby modified to apply only to the second count of plaintiffs' complaint.

## II.

■■ There is, however, merit to defendants' argument that the moving papers in support of the order of attachment are insufficient. Rule 6212(a) of the CPLR provides that the moving papers must "show, by affidavit and such other written evidence as may be sub-

mitted, that there is a cause of action * * *."[2] It is well established that, in order to satisfy CPLR Rule 6212, a plaintiff must *prove* a prima facie case through evidentiary facts and may not rely upon conclusory allegations. See, e. g., Glaser v. North American Uranium & Oil Corp., 222 F.2d 552 (2d Cir. 1955); Dhooge Bros. Inc. v. Mecho, 15 A.D.2d 774, 224 N.Y.S.2d 745 (1962); Eaton Factors Co. v. Double Eagle Corp., 17 A.D.2d 135, 232 N.Y.S.2d 901 (1962); Georgis v. Giocalis, 225 App.Div. 577, 233 N.Y.S. 16 (1929); 7A Weinstein, Korn & Miller, supra at § 6212.02, .06; 11 Carmody, Wait 2d § 76:38, :48–49 (1966). If an affidavit is submitted upon information and belief, the source of such information and the basis for such belief must be set forth. E. g., Reitmeister v. Reitmeister, 273 App.Div. 652, 79 N.Y.S.2d 22 (1948). As was stated long ago, information contained in an affidavit in support of an attachment " * * * shall be such that a person of reasonable prudence would be willing to accept and act upon it." Buell v. Van Camp, 119 N.Y. 160, 165, 23 N.E. 538, 540 (1890).

Measured by these criteria, the affidavits in support of the order of attachment herein are insufficient because they are conclusory with respect to the essential element of intent to defraud.

■ While the affidavits do indicate that the source of the sworn allegations is the record compiled by the S. E. C., the S. E. C. complaint filed thereon in August, 1968, and the injunction consented to by these defendants in that S. E. C. litigation, the only evidence, submitted as such, is a publicity release of the S. E. C. cautioning against purchases and sales of Mastercraft stock. Plaintiffs must present something more than charges and accusations. Belief stemming only from S. E. C. statements and

---

2. "R. 6212. Motion papers; undertaking; filing; demand.

    (a) Affidavit; other papers. On a motion for an order of attachment the plaintiff shall show, by affidavit and such other written evidence as may be

submitted, that there is a cause of action and the one or more grounds for attachment provided in section 6203 [sic] that exist and the amount demanded from the defendant above all counterclaims known to the plaintiff."

pleadings which are unproven as a matter of record before this Court and which are not otherwise substantiated in the motion papers even by reliable hearsay is insufficient for purposes of attachment though sufficient for purposes of pleading. See Glaser v. North American Uranium & Oil Corp., supra, 222 F.2d at 554. The affidavits in support of attachment in a fraud action should meet the standard of proof upheld in Swiss Bank v. Eatessami, 26 A.D.2d 287, 273 N.Y.S. 2d 935 (1966).

Seeking perhaps to prove some of the ultimate facts charged in his affidavit, plaintiff Reeder cryptically refers therein (Paragraph 6) to certain facts "revealed to the investing public" by defendants. If these revelatory admissions, presumably in writing, are supportive of the allegations of fraud, the material portions of the defendants' statements should have been set forth in plaintiffs' affidavits.

█ The moving papers in support of the order of attachment are deficient in still another respect. There must be specificity in a plaintiff's moving affidavit respecting the amount of damage suffered, so that the Court may make a realistic assessment of the dollar value of property required to be attached for security. E. g., Gitlin v. Stone, 262 F. Supp. 500 (S.D.N.Y.1967); Mueller v. Rayon Consultants, Inc., 193 F.Supp. 650 (S.D.N.Y.1961); 7A Weinstein, Korn & Miller, supra ¶ 6212.04; 11 Carmody, Wait 2d supra § 76:50. The naked allegation that Reeder will suffer damage of $3,500 and all the plaintiffs about $25,-000, without showing any specific computation is insufficient. Each plaintiff should have filed an affidavit computing his loss. Moreover, an affidavit showing

prima facie the reasonableness of the $15,000. sought as attorneys' fees, costs and disbursements, should also have been submitted.

While some of the above deficiencies may not be mere "technical" defects (as distinct from "jurisdictional" defects), the Court will not vacate the order of attachment but will interpret § 6223 of the CPLR [3] so as to afford plaintiffs an opportunity to remedy these defects. Cf. Heitzmann v. Willys-Overland Motors, Inc., 68 F.Supp. 873 (E.D.N.Y.1946). Plaintiffs are hereby granted ten days from the date of the filing of this opinion to submit supplemental affidavits and supporting proof, in accordance with the views expressed in this opinion.

### III.

The Court notes that the order of attachment permits seizure of property sufficient to secure the recovery of $25,-000 punitive damages sought by plaintiffs. In Green v. Wolf Corp., 406 F. 2d 291 (2d Cir. December 9, 1968), the Court held that punitive damages are not recoverable in an action predicated upon § 10(b) of the 1934 Act and Rule 10b–5. Since the attachment is applicable only to the second count claiming damages for fraud under § 10(b) and Rule 10b–5, the order of attachment must be modified to delete the amount sought as punitive damages, and to permit attachment to secure only actual damages and other items recoverable in an action under § 10(b) and Rule 10b–5.

Finally, defendants have filed affidavits alleging extensive hardship caused by the order of attachment. The corporation's bank account has been attached with the consequence that rent has not been paid, money to meet the corporate

3. "§ 6223. Vacating or modifying attachment.

Prior to the application of property or debt to the satisfaction of a judgment, the defendant, the garnishee or any person having an interest in the property or debt may move, on notice to each party and the sheriff, for an order vacating or modifying the order of attachment. Upon the motion, the court

shall give the plaintiff a reasonable opportunity to correct any defect. If, after the defendant has appeared in the action, the court determines that the attachment is unnecessary to the security of the plaintiff, it shall vacate the order of attachment. Such a motion shall not of itself constitute an appearance in the action."

820

payroll has had to be advanced by a corporate officer, and the general credit of Mastercraft has been seriously injured. These allegations have not been disputed. The Court believes that the presently posted bond in the amount of $500 is inadequate to meet defendants' costs and damages should the attachment ultimately be vacated or defendants recover judgment. The amount of the bond is hereby increased to $2,000, the full amount of which shall secure defendants' costs and damages. Plaintiffs are hereby granted three days from the date of the filing of this opinion to furnish a bond in the amount of the increased undertaking.

Pending the submission of supplemental affidavits, the present order of attachment, as modified by this decision, will remain in effect provided, however, that the bond in the increased amount is timely filed.

So ordered.