**Thomas J. REEDER et al., Plaintiffs,**

v.

**MASTERCRAFT ELECTRONICS CORPORATION, Al Dayon, James S. Farnell, and H. John Gluskin, Defendants.**

**68 Civ. 5007.**

United States District Court
S. D. New York.

March 3, 1969.

Sidney B. Silverman, New York City, for plaintiffs.

Baar, Bennett & Fullen, New York City, for defendants, Milton I. Newman, New York City, of counsel.

## OPINION

HERLANDS, District Judge:

Pursuant to the Court's directive contained in its opinion filed February 3, 1969, D.C., 297 F.Supp. 815 plaintiffs have submitted the Supplemental Affidavit of their attorney, Sidney B. Silverman, Esq., sworn to February 26, 1969.

Upon consideration of this affidavit, the Court is of the opinion that it does not comply with the Court's direction to submit specific proof as to the essential elements of an action for fraud. While the affidavit does compute, in greater detail, plaintiffs' damages, in all other respects it has not apprised the Court of any new factual matter or proof, and thus has not cured the essential deficiency of the affidavits originally submitted in support of the *ex parte* application for an order of attachment.

The Supplemental Affidavit again merely adverts to the unproven charges of the Securities and Exchange Commission, and again fails to present any evidence on the crucial element of intent to defraud. Moreover, as the Court in its prior opinion made clear, though an order of attachment may issue in a fraud action under the Federal Securities Laws, this is only so where the facts alleged (and appropriately proven) would sustain a common law fraud action. Thus, an affidavit in support of the order of attachment must present factual evidence on all elements of the common law, and not statutory, fraud action.

Nor is the insufficiency excused by the statement that the evidence necessary to support plaintiffs' case is exclusively within defendants' possession, or that the information and proof will be forthcoming, during the discovery phase of the litigation, from the S.E.C.

R. 6212(a) of the C.P.L.R. clearly requires that this evidence be presented to the Court *before* the extraordinary device of an order of attachment—and the consequent gross interference with defendants' rights to use and enjoy their own property—is made available. When, and if, plaintiffs secure evidence to support their allegations, they may, at that time, if so advised, seek, upon proper and sufficient papers, an order of attachment.

Plaintiffs having failed initially to submit the proof required and having failed adequately to correct the defects in their supporting papers, the Court must, and hereby does, order the vacatur of the order of attachment issued on December 16, 1968.

So ordered.