UNIVERSAL TRANSP. CO., Inc., v. REDERIAKTIEBOLAGET AMIE.

(District Court, S. D. New York. May 31, 1916.)

1. ADMIRALTY ⊙—26—PROPERTY IN POSSESSION OF ADMIRALTY COURT MAY BE ATTACHED BY SAME COURT UNDER COMMON-LAW JURISDICTION.

That a vessel is in possession of a court of admiralty under seizure in a suit in rem will not prevent the levy of a second attachment thereon from the same court in the exercise of its common-law jurisdiction.

2. ADMIRALTY ⊙—95—AWARD OF DAMAGE FOR BREACH OF CHARTER PARTY NOT BAR TO SECOND ACTION FOR RELIEF FOR BREACH OF OPTION TO PURCHASE.

Where a time charterer had an option to purchase at any time during the charter period, the fact that a court of admiralty has awarded him damages for loss of use of the vessel under the charter by reason of its withdrawal by the owner *held* not a bar to an action at law to recover damages for deprivation of his right to purchase, which the admiralty court was without jurisdiction to award.

At Law. Action by the Universal Transportation Company, Incorporated, against Rederiaktiebolaget Amie. On motion to vacate attachment. Denied.

See, also, 252 Fed. 293.

⊙—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Kirlin, Woolsey & Hickox, of New York City (John M. Woolsey, of New York City, of counsel), for plaintiff.

Engel Bros., of New York City (Wm. J. Conlen, of Philadelphia, Pa., and J. G. Engel, of New York City, of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. The plaintiff in this action heretofore filed a libel in admiralty in this court against the defendant and its ship Ada and attached the ship. The libel alleged a breach of a charter party by the defendant. Under that contract the Universal Transportation Company, Incorporated, had chartered the Ada from the defendant for six months, with an option to purchase at any time during that period and a privilege to apply all charter hire paid prior to the exercise of the option on account of the purchase price. The breach of the charter party alleged consisted in a withdrawal of the vessel and refusal to accept an instalment of charter hire, and also a refusal to tender a bill of sale of the vessel when requested and when the charterer was prepared to pay the balance of the purchase money. The damages demanded were for failure to deliver possession of the vessel during the balance of the charter period and for failure to deliver a bill of sale. Judge Smith, before whom the admiralty cause was tried, held that the owner of the Ada had broken the charter party by the withdrawal of the vessel, and that the charterer was entitled to damages for this breach. · He also held that a court of admiralty was without jurisdiction to award damages for a breach of the contract of sale, and ordered a reference to ascertain damages caused by the unauthorized withdrawal of the vessel from charter hire.

Upon and by reason of such a state of the record the charterer brought this action at common law and attached the ship, claiming damages for failure to deliver the vessel or a bill of sale thereof, which Judge Smith had held the court of admiralty was powerless to award. An attachment issued out of this court at common law, which the defendant moves to vacate on three grounds: (1) That this court cannot interfere with the possession of the admiralty court which has heretofore attached; (2) that the moving papers are defective; (3) that the right of action here asserted is inconsistent with the decree in admiralty already rendered, because that decree necessarily proceeded upon the assumption that the breach was for withdrawal from charter hire, a breach which could not exist, if the option to purchase the ship had been exercised.

[1] The first point, I think, cannot be sustained. No decision is cited to the effect that successive attachments granted by the same court in the exercise of different kinds of jurisdiction are not valid, nor is there any basis in reason for reaching such a conclusion. The cases which hold that a state court should not interfere with the possession of a court of the United States, and vice versa, have their justification in propriety, if not in necessity. No such situation exists where a single court is employing its process in seizing property to enforce either causes of action based upon the same ground of jurisdiction, or causes of action based upon various grounds of juris-

·diction. I think the case resembles that of successive attachments granted by this court at law, which would be confessedly all valid, and I therefore overrule the objection based upon any interference with the possession of the court of admiralty.

I likewise hold the papers upon which the attachment was granted sufficient. If the original papers were not entirely adequate, all defects have been cured, under section 768 of the Code of Civil Procedure, by the supplemental affidavit.

[2] The third objection urged by the defendant is of more substance. The plaintiff in this case has already obtained an adjudication in admiralty that the withdrawal of the ship violated plaintiff's right to the employment of her during the charter period and is seeking resulting damages. But the charterer was also entitled under the provisions of the charter party to demand a bill of sale of the ship on the very last day of that period, and the withdrawal of the ship by the owner deprived the charterer of this right. Entirely irrespective, therefore, of whether the option was exercised in February last, the withdrawal of the ship constituted an anticipatory breach of the contract to allow the charterer to exercise the option to purchase, and gave it the right to recover damages based upon the value of such an option right. This right may be much more valuable than the loss of the charter privilege during the term of the charter party for which damages are allowed by the admiralty court.

I think a recovery in this action must take into account the fact that the exercise of such an option would be subject to the privilege of user during the term of the charter party, for which the admiralty court has already provided an award of damages. But it is evident that the deprivation of the exercise of the option caused an element of damage which the admiralty court has held that it did not have jurisdiction to award. It may be that, if a single action at law for failure to deliver the vessel had first been brought, it would have resulted in the recovery of the same amount of damages as can be obtained both in the admiralty cause and in this action at law. As it is, however, a court of competent jurisdiction has already held that it will award damages for loss of the charter privilege, and that it cannot award damages for deprivation of the right to purchase the vessel. The charterer, under the allegations in his pleadings in admiralty, sought to recover all elements of damages, and was denied by that court on the ground of lack of power the right to recover for loss of the option to purchase the vessel.

The charterer, therefore, properly brought this action to obtain the relief denied in admiralty, and obtained an attachment, which is based upon a good cause of action, and must stand.