## SIEGEL v. WAYNESBORO KNITTING CO.

District Court, S. D. New York.
July 16, 1934.

Lauterstein & Conroy, of New York City (Emanuel Dannett and Joseph Francis Finnegan, both of New York City, of counsel), for the motion.

Otterbourg, Steindler & Houston, of New York City (Charles A. Houston, of New York City, of counsel), opposed.

WOOLSEY, District Judge.

This motion is in all respects denied.

I. This suit is brought by the assignee of Eday Fabrics, Inc., a corporation of New Jersey, against the Waynesboro Knitting

694

Company, a corporation of Pennsylvania. The amount involved is in excess of the statutory requirement of $3,000, exclusive of interest and costs, and this court, therefore, has subject-matter jurisdiction of the case on the ground of diversity of citizenship between the parties, and, as to the venue in this district, the defendant by removing the case has waived any question thereof.

II. This motion is not aimed at the complaint herein, but at the writ of attachment which was granted in the New York Supreme Court for New York County before this case was removed to this court.

The writ of attachment is supported not only by the complaint but by two affidavits of David Siegel, the plaintiff, verified respectively on May 9, 1934, and June 28, 1934, and also by the affidavit of Benjamin Siegel, verified May 9, 1934.

The second affidavit of David Siegel, verified June 28, 1934, was properly submitted herein under the provisions of the New York Civil Practice Act, § 822, wherein additional affidavits are allowed in attachment cases to cure all but jurisdictional defects. Failure to allege evidentiary facts are not jurisdictional defects. Dexter & Carpenter v. Lake & Export Coal Corp., 196 App. Div. 766, 188 N. Y. S. 623, cf. Universal Transportation Company v. Rederiaktiebolaget.Amie (D. C.) 263 F. 243, 245.

III. Whether on plenary proof the contract herein, which is partly written and partly oral, will turn out to be a definite binding contract or a so-called "will, wish or want" contract, such as was before the court in Cold Blast Transp. Co. v. Kansas City Bolt & Nut Co. (C. C. A. 8) 114 F. 77, and in the cases therein discussed at page 81, 57 L. R. A. 696, the right of the defendant to contend that the contract is not binding will be conditioned on the grounds which it gave on April 10, 1934, for its refusal further to perform the alleged contract. Grimwood v. Munson Steamship Line (C. C. A.) 273 F. 166, 168, and cases therein cited.

But on the papers before me the only ground assigned by the defendant for its refusal to perform further is the fact that the plaintiff refused at that time to pay for the expense to the defendant of machinery changes made by the defendant in order to perform its undertaking with Eday Fabrics, Inc. Therefore, so far as the papers before me on this motion are concerned, the question of whether the alleged contract was binding or not is not available to the defendant. Grimwood v. Munson Steamship Line, 273 F. 166, 168 (C. C. A. 2).

This disposes, in the plaintiff's favor, of the most serious aspect of the motion in respect of the first alleged cause of action.

IV. As to the second alleged cause of action, the nature of the contract matters not as to goods delivered for processing thereunder. Crane v. C. Crane & Co., 105 F. 869, 873 (C. C. A. 7); Cold Blast Transp. Co. v. Kansas City Bolt & Nut Co. (C. C. A. 8) 114 F. 77, 81, 57 L. R. A. 696.

V. As to the third alleged cause of action, I think under the letter of December 6, 1933, from the defendant to Eday Fabrics, Inc., the defendant assumed responsibility for the dyeing of the plaintiff's yarn and, hence, that said yarn would be dyed in a workmanlike merchantable manner. It is to be remembered that this is not a question of the sale of goods by defendant to Eday Fabrics, Inc., but the processing of the latter's silk. I do not think, therefore, that the presence of Benjamin Siegel, the secretary of Eday Fabrics, Inc., at the defendant's mills during the contract is material, at least on the papers before me, for he says he was superintending only the knitting work.

VI. The affidavits of the plaintiff above mentioned make out a prima facie case of damages in respect of each cause of action.

It follows that the motion must be in all respects denied.

Settle order on notice.