**Edward O. MUELLER, Plaintiff,**

v.

**RAYON CONSULTANTS, INC., and William R. Schmitz, Defendants.**

United States District Court
S. D. New York.
May 16, 1961.

See also 170 F.Supp. 555.

Spar, Schlem & Burroughs, New York City, for plaintiff (Leon B. Savetsky, New York City, of counsel).

Paul J. Kern, New York City, for defendants (Rhoda H. Karpatkin, New York City, of counsel).

THOMAS F. MURPHY, District Judge.

This is a motion by defendant Schmitz to vacate a warrant of attachment or, in the alternative, to modify it and to compel plaintiff to increase the security given by him.

Jurisdiction is based on diverse citizenship and the law of New York is applicable. The complaint, the sufficiency of which has been sustained, pleads three separate claims for defamation based upon the malicious publication of three distinct letters; $250,000 damage is claimed for each libel for a total claim of $750,000.

The non-resident defendant, Schmitz, was personally served with process in this district in October, 1958. Thereafter, in July, 1960, plaintiff secured *ex parte* a warrant of attachment in the sum of $750,000. To date the marshal has attached the property of defendant Schmitz in the amount of $60,000.

The principal question presented is whether in such an action as this for three *per se* libels where no special damages are alleged (and by stipulation none claimed) but where general damages are presumed (Ben-Oliel v. Press Publishing Co., 251 N.Y. 250, 255–256, 167 N.E. 432; Seelman, The Law of Libel and Slander, § 537, pp. 467–68), plaintiff is required to set forth in his affidavit in support of the warrant of attachment, facts showing, with reason and probability the amount of his damages. Plaintiff's original affidavit set forth no such facts.

Under New York law, to be entitled to a warrant of attachment, plaintiff must show the existence of a cause of action for a sum of money only. N.Y. Civil Practice Act, §§ 902, 903. An essential element of such actions generally is damages. However, in construing the attachment statutes the New York courts have held that it is not sufficient merely to set forth factual assertions which may suffice insofar as *pleading* a cause of action is concerned, but that the plaintiff must with specificity set forth evidentiary matters forming a reasonable basis for the computation of damages in any specific amount. In other words a warrant will not issue justifying the seizure and impounding of defendant's property in advance of adjudication based merely on a well pleaded cause of action with a prayer for money damages; there must be an evidentiary showing of plaintiff's damages. See Georgis v. Giocalas, 1929, 225 App.Div. 577, 233 N.Y.S. 16; Sicklick v. Schasseur, 1927, 221 App.Div. 742, 225 N.Y.S. 279; Prentiss v. Greene, 1920, 193 App.Div. 672, 184 N.Y.S. 558.

In the case at bar the complaint charges three distinct *per se* libels which plaintiff claims affect him in his trade or profession in this and foreign countries. Actual damages are presumed and need not be alleged or proved at trial. Such presumed damages commence with the customary sum of 6¢ and go upward *ad infinitum*. While it is possible that a plaintiff's verdict in this particular case may approach the very considerable amount prayed for, especially if actual malice were established, cf. Reynolds v. Pegler, 2 Cir., 1955, 223 F.2d 429, 431, 434 [$100,000, $50,000 and $25,000 puni-

tive damages imposed against three defendants respectively]; Stevenson v. Hearst Consol. Publications, Inc., 2 Cir., 1954, 214 F.2d 902, 911 [$50,000 punitive damages awarded], we feel, and hold, that here too as in actions generally, it cannot be the law that plaintiff is automatically entitled to a warrant of attachment based on his ad damnum clause alone, which in this day and age is usually a prosaic $1 million (here a mere $750,000); here too, plaintiff must demonstrate his damages with some degree of reasonableness if the court is to sustain a warrant of attachment for a specified amount.

■ Plaintiff has failed and neglected in his original affidavit to show any evidence of damage other than reliance on the presumption. But in his supplemental affidavit submitted on this motion (Cf. Republic of Italy v. De Angelis, 2 Cir., 1953, 206 F.2d 121, 123; Siegel v. Waynesboro Knitting Co., D.C.S.D.N.Y. 1934, 7 F.Supp. 693; § 949, C.P.A.) plaintiff has submitted evidentiary matter from which a judge (at least in theory) can approximate the outside limit of damages a jury might find when it is also likely, as here, that punitive damages might be included. Analyzing this supplementary evidence less jealously than on a motion to dismiss a complaint (cf. Bernstein v. Van Heyghen Freres Societe Anonyme, 2 Cir., 1947, 163 F.2d 246, 248) it is our judgment that $100,000 would be such outside figure.

Accordingly, the motion to vacate is denied but defendant's alternate relief prayed for is granted to the extent of reducing the warrant of attachment to $100,000.

Defendant's further request for relief, viz., an order requiring plaintiff to increase his $2,500 bond posted as security for defendant's damage as a result of the attachment is granted and he is hereby directed to furnish a bond in the total sum of $5,000, in other words, an increase of $2,500.

A subsidiary question has arisen in connection with an automobile that has been attached. On argument it was agreed that this automobile has an approximate value of $1,000. Defendant may release this automobile upon posting a $1,000 bond and paying the storage charges to date.

This is an order. No settlement is necessary.