Mark A. Costantino, J.
In this action for personal injuries and loss of services, the defendant, Iowa Car Rental, Inc., moves for an order vacating a warrant of attachment on the ground that no res or property of the defendant existed in the State of New York and for a further order setting aside and vacating the service of the summons and complaint pursuant to rule 3211 (subd. [a], pars. 8, 9) of the Civil Practice Law and Rules.
By way of a supplemental motion, the defendant moves for an order pursuant to section 6223 of the Civil Practice Law and Rules vacating or modifying the warrant of attachment on the ground that the affidavits and complaint, the basis of the issuance of the attachment, were insufficient and lacking sufficient evidentiary facts establishing a prima facie cause of action, and pursuant to section 3211 (subd. [a], par, 7) of the Civil Practice Law and Rules on the ground that the complaint fails to state a cause of action.
Plaintiffs cross-move pursuant to section 6223 of the Civil Practice Law and Rules permitting the plaintiffs to file supplemental affidavits as well as an amended complaint to be read in conjunction with the original affidavits in order to correct any possible defects in the original papers. By way of a third motion on behalf of the defendant, the defendant moves for an *444 order pursuant to rule 2221 of the Civil Practice Law and Rules vacating an ex parte order obtained by the plaintiffs extending their time within which to institute their proceedings against the attached property (insurance policy).
While it is true that on a motion to vacate an order of attachment the court will not attempt to decide the merits of the controversy and will liberally construe the original papers in support of the attachment giving the plaintiff the benefit of all inferences and deductions that can be made from the facts stated, the attachment papers must nevertheless contain evidence from which the court can determine that the ultimate facts alleged can at least sustain a prima facie case (Krellberg v. Gregory, 10 A D 2d 824; Ecco High Frequency Corp. v. Amtorg Trading Corp., 81 N. Y. S. 2d 610, affd. 274 App. Div. 982; American Reserve Ins. Co. v. China Ins. Co., 297 N. Y. 322, 325; Lepow v. Cervo Export Corp., 82 N. Y. S. 2d 423).
Taking judicial notice of the Iowa Guest Statute (CPLR 4511), it appears that the plaintiffs failed to establish a prima facie cause of action, warranting the vacating of the order of attachment. However, section 6223 of the Civil Practice Law and Rules specifically provides that on a motion to vacate or modify an order of attachment, the court shall give a plaintiff a reasonable opportunity to correct any defect. Under the circumstances, the plaintiffs’ cross motion pursuant to this section is granted.
Prior to the enactment of section 6223 of the Civil Practice Law and Rules, the courts held that the right to submit additional proof to sustain a warrant of attachment (Civ. Prac. Act, § 822) could not cure a jurisdictional defect (Krellberg v. Gregory, suyra; Krawitz v. Gross, 156 N. Y. S. 2d 576). The Legislature, however, apparently intending to cure and alleviate such situations, enacted section 6223 of the Civil Practice Law and Rules. The intent and reasoning behind the creation of this new section is borne out by the report of the advisory committee reading as follows: “ The second sentence of this section, derived from former § 822, is intended to overcome the strict interpretation that any defects are ‘ jurisdictional.’ ” (Standard Civil Practice Service, § 6223.) The section as it now reads clearly permits the cure of ‘ ‘ any defect ’ ’. It is not confined to specific defects leading to a strict interpretation.
Taking into consideration the additional affidavits and exhibits, the court is of the belief that whatever defects existed in the original application have been cured by the supplemental affidavits. Allowing the plaintiffs the benefit of all legitimate inferences and deductions, the supporting papers as presently *445 constituted contain sufficient evidentiary facts establishing a prima facie cause of action.
Nor is there any basis for the defendant’s motion to vacate the attachment on the theory that no res or property existed in the State of New York. The court in Fishman v. Sanders (18 AD 2d 689) in passing upon an analogous situation sustained the right of a plaintiff to attach an insurance policy for the purpose of obtaining jurisdiction over a nonresident defendant.
Though the plaintiffs have requested leave to plead over and amend their complaint pursuant to subdivision (e) of section 3211 of the Civil Practice Law and Buies in the event the defendant’s motion for insufficiency is granted, the plaintiffs’ attempt to plead a good cause of action as indicated by the proposed amended complaint still lacks the necessary and sufficient facts to plead a cause of action to satisfy the Iowa Gruest Statute, although the supplemental affidavit submitted alleged such facts.
Accordingly, the defendant’s first motion is denied. The supplemental motion is granted only to the extent of dismissing the complaint with leave to the plaintiffs to plead over setting forth in the new pleading if so advised in addition to the facts alleged in the proposed amended complaint the facts set forth in the plaintiffs’ supplemental affidavits. In all other respects this motion is denied. Plaintiffs to serve the amended complaint within 20 days after the service of the order to be entered herein with notice of entry.
In view of the determination on the other motions, the defendant’s motion to vacate the ex parte order obtained by the plaintiffs dated December 16, 1963, is denied.