Benjamin Brenner, J,
This is a motion by the corporate defendant to vacate an order of attachment pursuant to CPLB 6223 on the ground that, as to it, the plaintiff cannot succeed in the action.
The corporate defendant’s denial of liability for the goods sold relies essentially on (1) the agreement for the sale and purchase of the goods between the plaintiff and the individual defendant to which the corporate defendant was not a party;
(2) plaintiff’s letter which states in part: “ We understand the business reasons for your doing business with the public as Hillside Enterprises, Inc., but as between ourselves, we are accepting and filling your orders for you as an individual”;
(3) 10 invoices from plaintiff indicating that the merchandise was sold to the individual defendant.
Plaintiff insists that the corporate defendant is equally liable along with the individual defendant, pointing to orders for the merchandise by the corporate defendant. It asserts that the corporate defendant, by its conduct, adopted the agreement and further, that it was unaware of the corporate entity until orders were being made in that corporate name. The court’s attention is also directed to various payments made to plaintiff by way of indorsement of checks made payable to Hillside Enterprises, Inc., and to an agreement assigning accounts receivable of both defendants signed by Frank Buck, both as president of the corporate defendant and individually.
The proposed amended complaint sets up three causes against both defendants, including one for fraud. Such amended pleading, together with the evidentiary facts submitted by plaintiff in its papers in opposition to this motion, must be considered in determining the validity of the order of attachment. This is the meaning of CPLB 6223 which provides that when a motion is made to vacate or modify an attachment ‘ ‘ the court shall give the plaintiff a reasonable opportunity to correct any defect.” (See, also, Stines v. Hertz Corp., 42 Misc 2d 443.)' It is also the view of a leading commentator on the Civil Practice Laws and *596 Rules who concludes that “ [N]ew proof that would tend to sustain the attachment always should be admitted on a motion under CPLR 6223 unless there is a clear showing of prejudice.” (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6223.07.)
The burden of proof as to the central question here involved, namely, whether plaintiff has shown a valid and meritorious cause of action to support the order of attachment, is upon the party seeking to vacate it. (American Reserve Ins. Co. v. China Ins. Co., 297 N. Y. 322; Bard-Parker Co. v. Dictograph Prods. Co., 258 App. Div. 638; Mirabella v. Banco Ind. de la Republica Argentina, 38 Misc 2d 128.) The test, apparently, is whether or not a prima facie case has been demonstrated (American Reserve Ins. Co. v. China Ins. Co., supra; Waterman-Bic Pen Corp. v. Waterman Pen Co., 8 A D 2d 378; Godbout v. Irwin, 272 App. Div. 1020). While every element of the plaintiff’s cause of action must be supported by some proof (Miller Bros. Constr. Co. v. Thew Shovel Co., 248 App. Div. 150; Pfaltz & Bauer v. Wiener, 181 App. Div. 793), the court must give the plaintiff the benefit of all the legitimate inferences that can be drawn from the stated facts (Zale Jewelry Co. v. Laine, 37 Misc 2d 39) and should not attempt to decide the merits of the controversy (Krellberg v. Gregory, 10 A D 2d 824; Bard-Parker Co. v. Dictograph Prods. Co., supra-, Auerbach v. Grand Nat. Pictures, 176 Misc. 1031, 1033; Stines v. Hertz Corp., supra).
Applying these principles to the present situation, it seems to me unnecessary to consider whether plaintiff relies on the agreement or on fraud. Certainly, the facts presented establish a prima facie case based on goods sold and delivered in the light of the purchase orders by the corporate defendant, the payments by said corporation, and the agreement assigning the accounts receivable of defendant corporation to the plaintiff. At the very least, such evidence, if presented upon trial of the action, would bar dismissal of the action after plaintiff had rested and this, it seems to me, is the test as to whether a prima facie case has been established in the papers. Thus the corporate defendant has not sustained its burden of showing that the action for goods sold and delivered cannot succeed so that the order of attachment must stand.
It must finally be added that the equities of the situation favor a denial of the motion. Our present-day, complicated financial structure permits changes from corporate to individual status and the other way round, even while obligations are incurred. Often creditors and other obligees know nothing of such changes and benefits continue to accrue to the corporate or individual obligor who relinquish assets without corresponding safeguards *597 to creditors. The corporate defendant is, therefore, not entitled to vacate the attachment which is tantamount to avoiding trial as to its own liability for goods which were ordered by it, delivered to it, and for which it has received payment. Motion denied.