◼ JOHN WALKOVSZKY, Respondent, v. WILLIAM CARLTON, Appellant, et al., Defendants. — In a negligence action to recover damages for personal injury, defendant Carlton appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County, dated August 10, 1967, as denied his motion to dismiss the amended complaint on the ground that it fails to state a cause of action against him (CPLR 3211, subd. [a], par. 7). Order affirmed insofar as appealed from, with $30 costs and disbursements and with leave to appellant to serve an answer to the amended complaint within 20 days after service of a copy of the order entered hereon with notice of entry. In our opinion, the amended complaint sufficiently alleges a cause of action against appellant, i.e., that he and the other individual defendants were conducting the business of the taxicab fleet in their individual capacities. Christ, Acting P. J., Brennan, Hopkins and Munder, JJ., concur; Rabin, J., dissents and votes to reverse the order insofar as appealed from and to grant the motion to dismiss the amended complaint, with the following memorandum: In my opinion, the newly added allegations in the amended complaint, either singly or cumulatively, do not cure the defect that was inherent in the original complaint. In the amended complaint plaintiff still fails to set forth facts indicating that defendant Carlton and his associates are actually doing business in their individual capacities, "shuttling their personal funds in and out of the corporations 'without regard to formality and to suit their immediate convenience'". (*Walkovszky* v. *Carlton*, 18 N Y 2d 414, 420.) As I read it, in the amended complaint, plaintiff has vaguely and prematurely pleaded conclusions which,

if factually supported or established, would lend to plaintiff some status if he were pursuing a judgment creditor's action, which is not the character of the instant action (*Walkovszky* v. *Carlton, supra,* p. 421, n. 3). The propriety of the corporations, utilized .by the individual defendants, is not destroyed by the stockholders' attempts to shield themselves from personal liability by lawful use of corporate forms (cf. *Leader* .v. *Dinkler Mgt. Corp.,* 20 N Y 2d 393; *Hoffman* v. *Nashem Motors,* 20 N Y 2d 513).