**WORLDWIDE CARRIERS, LTD.,**
**Plaintiff,**

**v.**

**ARIS STEAMSHIP CO. Ltd., Adrian Maritime Co. Ltd., Aaron Maritime Co. Ltd., Arger Navigation Co. Ltd., Intercontinental Maritime Ltd., Evie Navigation Co., Ltd., Defendants.**

**No. 68 Civ. 3232.**

United States District Court
S. D. New York.

Aug. 29, 1968.

Kriendler & Kriendler, New York City, for plaintiff; Paul S. Edelman, New York City, of counsel.

Levin, Kreis, Ruskin & Gyory, New York City, for defendants; Herbert B. Ruskin, New York City, of counsel.

## OPINION

TENNEY, District Judge.

This is a motion, brought on by order to show cause, by all of the defendants herein except Aris Steamship Co. Ltd. (hereinafter referred to as "Aris") to (a) set aside certain attachments levied against their assets; (b) to dismiss the complaint as to them pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted; (c) to increase plaintiff's bond herein from $25,-000 to $250,000; and (d) in the alternative to set a reasonable bond for the release of their assets from attachment. No attempt is made to dismiss the action against defendant Aris or to seek relief in so far as the attachment affects the assets of Aris.

The underlying action has been brought by plaintiff herein against all of the defendants claiming damages for breach of a charter party with Aris, the defendants other than Aris being joined as the latter's *alter egos*. The complaint alleges damages of $500,000. The moving defendants seek the relief prayed for herein on the grounds that (1) they have general releases from plaintiff and have entered into an agreement whereby all such claims were settled,[1] and (2) that the affidavit upon which the attachment was issued is insufficient to support such attachment. No answer to the complaint has, as yet, been filed by any of the defendants herein.

The Court will first address itself to defendants' contention that the affidavit upon which the attachment was issued is insufficient. The attachment herein was issued pursuant to Rules 4(e) and 64 of the Federal Rules of Civil Procedure which permit a plaintiff to obtain an order of attachment in the United States District Court by utilizing the attachment procedures of the state in which the district court is located. The New York State statutes involved are §§ 6201 through 6226 of the New York Civil Practice Law and Rules (hereinafter referred to as "CPLR"). Rule 6212 of the CPLR establishes the requirements to sustain an order of attachment and provides that plaintiff on its motion for an order of attachment must show by "affidavit and such other written evidence as may be submitted, that there is a cause of action."

Defendant's principal contentions are that plaintiff has failed to show "that there is a cause of action" because the allegations in the complaint and affidavit in support of the attachment are made by plaintiff's attorney rather than by an officer of plaintiff (plaintiff allegedly has no officers or directors in New York) and that such allegations are hearsay and totally unsupported by any evidence whatsoever. Defendants further allege that plaintiff has failed to adequately show the amount of its damages.

It is, of course, "incumbent on an applicant for a warrant of attachment * * * to show under oath that the necessary allegations of his complaint have some basis in fact. These facts may be stated upon knowledge, or upon information and belief provided that the sources of the information and grounds for the belief are set forth. * * *" Reitmeister v. Reitmeister, 273 App.Div. 652, 79 N.Y.S.2d 22, 24 (1st Dep't 1948).

"[I]t is not sufficient that the papers upon which the attachment was procured set out the ultimate facts showing the cause of action or the grounds. Evidentiary facts making out a prima facie case proving such facts must be shown * * *. To sustain the attachment the affidavit in support thereof must contain evidence from which the court can determine that the ultimate facts stated can be substantiated." Banco Agricola y Pecuario v. Jiminez Export Corp., 97 N.Y.S.2d 437, 439 (Sup.Ct.1950).

However, on a motion to vacate an order of attachment, the court is not restricted to the documents submitted in support of such attchment, but *"shall give the plaintiff a reasonable opportunity to correct any defect."* N.Y.R. Civ.Prac. 6223 (emphasis added); Weinstein-Korn-Miller, New York Civil Practice, ¶ 6223.07 at 62–212 (1967); McLaughlin, Practice Commentary, McKinney's CPLR § 6223 (1967 Supp.) at 30. Accordingly, "[e]videntiary facts submitted by plaintiff in its papers in opposition to this motion, must be considered in determining the validity of the order of attachment." Cocoline Chocolate Co., Inc. v. Hillside Enterprises Inc., 45 Misc. 2d 594, 257 N.Y.S.2d 444, 445 (Sup.Ct. 1965).

Accordingly, in reaching its conclusions herein, the Court has considered not only the papers originally

---

1. Assuming that defendants can, before answer, assert the existence of a release in support of a motion to dismiss, such assertion is ineffective if an issue of fact exists which should not be determined on affidavits.

submitted on the application for the warrant of attachment but the affidavits and exhibits submitted on the present motion to vacate.[2] There is no dispute that all the defendants are foreign corporations and that the action is for a sum of money. N.Y.R.Civ.Prac. 6201 (1). Accordingly, defendants were *"per se* subject to attachment." A. C. Israel Commodity Co. Inc. v. Banco do Brazil, 50 Misc.2d 362, 365, 270 N.Y.S.2d 283 (Sup.Ct.1966). (Emphasis added.) The sole issue presented, other than that of a sufficient showing of damages, is whether sufficient facts have been shown to support the allegation that the moving defendants are the *alter egos* of defendant Aris so as to warrant a piercing of the corporate veil. "What is sufficient for a pleading may not be enough to justify attachment." Glaser v. North Amer. Uranium & Oil Corp., 222 F.2d 552, 554 (2d Cir. 1958). The burden is on defendants to show that plaintiff does not have a valid and meritorious cause of action, *i. e.*, that plaintiff has not demonstrated that he has a prima facie case. Cocoline Chocolate Co. Inc. v. Hillside Enterprises Inc., *supra*.

■ As stated in Steven v. Roscoe Turner Aeronautical Corp., 324 F.2d 157, 160–161 (7th Cir. 1963):

"In order to establish that a subsidiary is the mere instrumentality of its parent, three elements must be proved: control by the parent to such a degree that the *subsidiary has be-*

*come its mere instrumentality*; fraud or wrong by the parent through its subsidiary, e. g., torts, violation of a statute or *stripping the subsidiary of its assets*; and unjust loss or injury to the claimant, such as *insolvency of the subsidiary*. Fisser v. International Bank, 2 Cir., 282 F.2d 231, 238 (1960); Lowendahl v. Baltimore & O. R. Co., 247 App.Div. 144, 287 N.Y.S. 62, 76 (1936), aff'd, 272 N.Y. 360, 6 N.E.2d 56; Powell, supra at 4–6.

In determining whether the requisite degree of control is maintained by the parent corporation, many factors are relevant. It is the presence of these factors in the proper combination which is controlling. Factors generally considered by courts are as follows:

(a) The parent corporation owns all or most of the capital stock of the subsidiary.

(b) The parent and subsidiary corporations have common directors or officers.

(c) The parent corporation finances the subsidiary.

(d) The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation.

(e) The subsidiary has grossly inadequate capital.

2. In addition to the papers submitted on the motion for the order of attachment submitted to Judge Pollack, the Court has considered herein the following:

a) The affidavit of Mark Madias, verified Aug. 14, 1968, and the Exhibits 1–4 annexed thereto in support of the within motion.

b) The affidavits of Paul S. Edelman, Esq., John E. Batson, and Donald F. Morrey, Esq., all verified Aug. 14, 1968, and Exhibits A and B annexed thereto in opposition to the within motion.

c) The affidavits of Herbert B. Ruskin, Esq., and Lawrence Weisberg, verified Aug. 16, 1968, and the Schedule annexed to the latter affidavit in support of the within motion.

d) The affidavits of Erwin Millimet, Esq., and John E. Batson, verified Aug. 19, 1968, and Exhibits C, D, E, F and G annexed thereto in opposition to the within motion.

e) The affidavit of John E. Batson, verified Aug. 22, 1968, and Exhibits H and I annexed thereto in opposition to the within motion.

f) The affidavit of Herbert B. Ruskin, Esq., verified Aug. 26, 1968, with Israel Discount Bank Ltd. garnishee's statement of Aug. 22, 1968, annexed, and the affidavit of Mark Madias, verified Aug. 26, 1968, with Exhibits 1 and 2 thereto annexed in support of the within motion.

(f) The parent corporation pays the salaries and other expenses or losses of the subsidiary.

(g) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation.

(h) In the papers of the parent corporation or in the statements of its officers, the subsidiary is described as a department or division of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own.

(i) The parent corporation uses the property of the subsidiary as its own.

(j) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take their orders from the parent corporation in the latter's interest.

(k) The formal legal requirements of the subsidiary are not observed. Taylor v. Standard Gas & Electric Co., supra, 96 F.2d 693 at 704–705 (quoting Powell, supra at 9." (Emphasis added.)

■ It must be emphasized that the Court, in the present posture of the case, is not trying the issues or attempting to decide the merits of the controversy. Giving plaintiff the benefit of all the legitimate inferences that can be drawn from the present record, it would appear that plaintiff has at least made out a prima facie case and should be given an opportunity by discovery to ascertain other facts in support thereof.

With respect to stock ownership, it would appear that on October 10, 1967, Aris, Adrian Maritime Co. Ltd. (hereinafter referred to as "Adrian") and Aaron Maritime Co. Ltd. (hereinafter referred to as "Aaron") were "affiliated corporations having substantially identical stockholders", that Aris owned 10 per cent of the capital stock of Intercontinental Maritime Ltd. (hereinafter

referred to as "Intercontinental"), that Arger Navigation Co. Ltd. (hereinafter referred to as "Arger") had a 50 per cent ownership of Intercontinental (Affid. of Paul S. Edelman, Esq., of Aug. 18, 1968, Exh. A), and that Aris had a substantial interest in Arger. As of February 23, 1968, there was practical identity of officers and directors among Aris, Adrian and Aaron and a substantial identity between them and Arger and Intercontinental (Schedule attached to Affids. of Herbert B. Ruskin, Esq., and Lawrence Weisberg, verified Aug. 16, 1968). While it is stated that there are "significant differences" between the stockholders of Evie Navigation Co. Ltd. (hereinafter referred to as "Evie"), Arger and Intercontinental (no list is given), the allowable inference is that there is substantial identity of stockholders between Aris, Adrian and Aaron. It appears that Aris and Adrian were first formed and purchased ships in 1964 and that thereafter each purchase of a new ship was made through the vehicle of separate corporations, i. e., Aaron, Arger, Intercontinental and Evie. It further appears that the credit and assets of Aris may have been used to enable Aaron and Intercontinental to purchase certain vessels (Exh. H and Affid. of John E. Batson, verified Aug. 22, 1968), and that Aaron has paid approximately $21,000 to third-party creditors of Aris (Affid. of Paul S. Edelman, Esq., verified Aug. 14, 1968). It would appear that Aris is presently insolvent, its vessel sold at a forced sale after attachment by plaintiff's cargo creditors. It further appears that on at least one occasion defendants' corporate meetings were held jointly with one set of minutes. Other than a denial, defendants have submitted no evidence, in the form of corporate minutes or other records, that this was not standard practice. Furthermore, it does not appear disputed that cross-guarantees of loans has been a common practice.

■ There can be no doubt that courts of admiralty have the ability and power to pierce the corporate veil in

order to get to the *alter egos* of the corporate defendant directly involved. Swift & Co. Packers v. Compania Colombiana Caribe, 339 U.S. 684, 689 n. 4, 70 S.Ct. 861, 94 L.Ed. 492 (1949); Zubik v. Zubik, 384 F.2d 267, 273 (3rd Cir. 1967); Fisser v. International Bank, 282 F.2d 231 (2nd Cir. 1960). The interrelation of the defendants is somewhat analogous to that in the taxicab industry, the subject of litigation both in the State courts and in this court. Mull v. Colt Co., 31 F.R.D. 154 (S.D.N.Y.1962); Walkovszky v. Carlton, 18 N.Y.2d 414, 276 N.Y. S.2d 585, 223 N.E.2d 6 (1966); Walkovszky v. Carlton, 29 A.D.2d 763, 287 N.Y.S.2d 546 (2nd Dep't 1968).

Plaintiff's complaint (¶¶ 12–20 incl.) sets forth the interrelationship between the moving defendants and charges that the defendant Aris acted as the instrumentality and agent of the other defendants, and that all of the defendants constituted one business enterprise with commingling of assets and intercorporate transfers as "part and parcel of a common agency and control." Whatever deficiencies existed in the original papers submitted on the application for a warrant, including the allegations and proof of damages (Affid. of John E. Batson, verified Aug. 19, 1968, and Exhs. C, D, E, F, G), have, as already noted, been cured by the submission of further affidavits and exhibits. Mueller v. Rayon Consultants, Inc., 193 F. Supp. 650 (S.D.N.Y.1961). In so far as the motion to dismiss is concerned, the Court has considered the various affidavits and exhibits which were considered with reference to the motion to vacate. Treated as a motion to dismiss, it must clearly be denied. As stated by the Court in Mull v. Colt Co., *supra* at 163:

"Whether an agency in fact existed, which corporation was the parent and which were the subsidiaries, and whether they were operated as one economic unit are all questions of fact which plaintiff will have to prove at trial. If plaintiff can show that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise. His opportunity to do so may not be foreclosed peremptorily by these motions to dismiss."

Treated as a motion for summary judgment, pursuant to Rule 56 as mandated by Rule 12(b) of the Federal Rules of Civil Procedure,[3] it is clear that there are genuine issues as to the intercorporate relationships involved herein and as to the scope of the settlement agreement and the release referred to in the moving papers, issues which may not be resolved either on the motion to vacate—Chase Manhattan Bank (Natl. Ass'n) v. Banque Intra S. A., 274 F. Supp. 496 (S.D.N.Y. 1967); Bard-Parker Co. v. Dictograph Prod. Co., 258 App.Div. 638, 640, 17 N.Y.S.2d 588, 591 (1st Dep't 1940)—or on a motion for summary judgment.[4]

In the absence of a sufficient showing, the motion to increase plaintiff's undertaking is denied. Carlos Franco Associates, Inc. v. Seaboard Drug Co., 4 Misc.2d 794, 162 N.Y.S.2d 380 (Sup. Ct.1956).

Defendants' alternative motion to set a reasonable undertaking for the release of the attached assets must be

---

3. Syracuse Broadcasting Corp. v. Newhouse, 271 F.2d 910, 914 (2nd Cir. 1959).

4. In view of the fact that the underlying motion was to dismiss, the denial of the motion for summary judgment is without prejudice to renewal at such time as defendants have had "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b).

denied in the absence of a sheriff's inventory of the property attached. N.Y.R.Civ.Prac. 6218, 6222.

Accordingly, defendants' motions are in all respects denied, but without prejudice as to the denial of the motion for summary judgment.

So ordered.