See also D.C., 290 F.Supp. 860.

**WORLDWIDE CARRIERS, LTD.**

v.

**ARIS STEAMSHIP CO. Ltd., et al.**

No. 68 Civ. 3232.

United States District Court
S. D. New York.

May 20, 1969.

Kreindler & Kreindler, New York City, for plaintiff.

Levin, Kreis, Ruskin & Gyory, New York City, for defendants.

RYAN, District Judge.

Two motions have been made in this action which was filed against the named defendants (excepting ARIS) claiming damages for breach of a charter party with defendant ARIS, the moving defendants being joined as the alter egos of ARIS.

The action was considered by Judge Tenney on a motion made before answers by the moving defendants to set aside an attachment levied against their assets, to dismiss the complaint as to them for failure to state a claim upon which relief can be granted, and to increase plaintiff's bond from $25,000 to $250,000. The relief sought was denied by an order and opinion, 301 F.Supp. 64, filed on August 29, 1968. Judge Tenney noted that all the defendants were foreign corporations and that the action is for a sum of money, which made the defendants' property subject to attachment under N. Y.R.Civ.Prac. 6201(1). He held that the affidavits filed with the attachment, and the additional affidavits and exhibits were sufficient to support the attachment, that the plaintiff had presented evidence of a prima facie case and "should be given opportunity by discovery to ascertain other facts in support thereof," that the action should not be dismissed, and that the plaintiff's undertaking should not be increased.

Specifically, Judge Tenney wrote that

"No attempt is made to dismiss the action against defendant Aris or to seek relief in so far as the attachment affects the assets of Aris."

An affidavit of Herbert A. Rosenthal, the Secretary of each of the five moving corporate defendants, has been submitted on the motions before us. He is a member of the Bar, counsel for defendants, and appears to be informed as to the financial status of ARIS for he states that

"The defendant Aris, which lost its vessel, its main asset, in November 1967 as a result of plaintiff's defaults, has not taken any action in this lawsuit since the attachment in this case and is not a party to this action."

Since the decision of Judge Tenney (from which apparently no appeal was taken), the moving defendants have filed a joint answer. They denied and still deny the relationship alleged by plaintiff. Defendants also plead two separate defenses and a counterclaim.

The counterclaim asks for judgment in favor of the defendants jointly in the sum of $500,000. It is alternatively pleaded (paragraph 38 of the answer) and thus stated:

" * * * the said defendants Adrian, Aaron, Arger, Intercontinental and Evie Navigation deny any liability * * *, but in the event plaintiff is found to be entitled to judgment against all or any of the said defendants then such defendants answering herein would be entitled to and in such event do make a claim for judgment against plaintiff as follows."

Then, specifically pleaded is an unpaid claim for charter hire of the Evie W. alleged to be due from plaintiff to ARIS for $180,000; unpaid advances and payments amounting to $50,000 alleged to have been made for the account of plaintiff by ARIS; loss of the vessel at judical sale in Montreal, Canada, because of default of plaintiff to the damage of ARIS in the sum of $120,000; and other damages allegedly sustained by ARIS because of plaintiff's default in the sums of $60,000. and $120,000.

Plaintiff has moved for an order dismissing the counterclaim. I have concluded this motion must be granted.

Defendants have moved for an order under Rule E(7), F.R.Civ.P., requiring plaintiff to give security in the sum of $530,000. "to respond in damages to the claims set forth in the counterclaims of the defendants." I have concluded this motion must be denied.

It is hornbook law that the plaintiff may not profit by reason of the damage it alleges it sustained through the alleged wrongful acts of the moving

defendants and of ARIS. It is entitled to be made whole but no more. The claim defendants assert as a counterclaim belongs to ARIS alone. It has not been transferred or assigned to them either by instrument or operation of law. The defendants were not parties to the charter party. While this is so, the defendants can not under any theory be held liable for more than plaintiff could recover from ARIS. It is plaintiff's claim that ARIS breached the charter party. ARIS contends to the contrary that plaintiff did not perform to ARIS' damages. The burden is upon the plaintiff to establish that it duly performed and that ARIS did not. If plaintiff fails to sustain this burden, it must be non-suited. The matters alleged in the counterclaim can not be the basis of a money judgment recovery in defendants' favor. It need not be pleaded affirmatively by the defendants either by way of off-set or defense in diminution of damages. The answer, however, pleads two separate defenses which allege the same facts as pleaded in the counterclaim. No motion was made by the plaintiff to strike these defenses. The defendants' proof as to actual damage, if any, plaintiff sustained is admissible at trial under the pleaded general denials of defendants. The counterclaim is stricken.

As to the defendants' motion for increased security, this relief was denied by Judge Tenney; defendants' motion in effect seeks a reargument of this decision. Judge Tenney felt this motion should not be referred to him; I take this as a denial of reargument for I possess no appellate power of review of my brother's decision. In addition, I find that the discovery Judge Tenney felt should be afforded plaintiff has not been completed.* I find no substantial showing has been made of additional facts which would warrant me directing additional security should be posted by plaintiff. Defendants' motion is denied.

So ordered.

---

* I have read the extracts from the deposition of Rosenthal taken on April 14, 1969, which were submitted to me by the defendants.