■ MARINE MIDLAND BANK, Appellant, v MEEHAN'S EXPRESS, INC., et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered December 29, 1978 in Albany County, which granted a motion by defendants David P. Mody and Richard Mody for summary judgment dismissing the second and third causes of action in the complaint. The complaint contained three causes of action. In the first cause of action, plaintiff sought a judgment against the defendant Meehan's Express, Inc., to recoup overdrafts which resulted from payment by plaintiff of certain checks drawn by the corporation upon its account with plaintiff. An order granting summary judgment to plaintiff upon this cause of action has been granted and is not subject to this appeal. The second cause of action sought to impose personal liability upon defendant David P. Mody for said overdrafts because he signed the corporate checks without indicating that he was signing as an officer or agent of the corporation. Plaintiff is not pursuing its appeal as to this cause of action. The third cause of action, which is the subject of this appeal, sought recovery of the amount of the overdrafts from defendants David P. Mody and Richard Mody as shareholders, directors and officers of the corporation upon allegations that they caused the checks to be drawn by the corporation knowing that there would be insufficient funds in the account for payment thereof, and that plaintiff honored the checks in reliance upon their assurances, both express and implied. On August 23, 1978, plaintiff moved for summary judgment on the first cause of action, which was subsequently granted. On September 11, 1978, defendants David P. Mody and Richard Mody cross-moved for summary judgment in their favor as to the second and third causes of action. The moving affidavits on this cross motion indicate that David P. Mody was an employee of Meehan's Express, Inc., from October, 1977, becoming the sole stockholder, director and officer of the corporation on December 28, 1977, and that at no time did he execute any written guarantee or assurance that he would personally reimburse plaintiff for any overdrafts of the corporation. As to Richard Mody, he was never an employee, shareholder, officer or director of the corporation, and he also did not execute any written guarantee or assurance to plaintiff. It is also stated that he made no oral assurances to plaintiff. Reference is made to plaintiff's bill of particulars wherein the alleged assurances are stated to be as follows: "The assurances referred to in paragraph 14 of the complaint were made by defendant David Mody in conversations with William Sajler an officer in January and February, 1978. Defendant David Mody repeatedly assured Sajler that he or defendant Richard Mody would soon deposit in the checking account funds sufficient to reimburse plaintiff for all overdrafts and pay all future checks drawn on the account. Moreover, from defendants' issuance of checks which they knew or should have known would result in overdrafts, defendants impliedly assured plaintiff that it would be reimbursed for all overdrafts." The answering affidavit of plaintiff's attorney asserts that the third cause of action is for fraud and deceit allegedly practiced by defendants David P. Mody and Richard Mody upon plaintiff. As to David P. Mody, it is asserted that monthly statements of the corporate checking account were forwarded to the corporation, that the statement dated December 22, 1977 showed a balance of $333.78 and that David P. Mody signed checks totaling $22,828.38 during January and February, 1978, although deposits totaled only $5,810.49. It is further stated that David P. Mody not only knew that there were insufficient funds in the account, but

also must have known that the corporation's liabilities exceeded its current assets by $46,425 as of December 31, 1977, as shown on a copy of the corporation's balance sheet filed with the New York State Department of Transportation, and that his assurances were given to plaintiff with knowledge that the corporation was insolvent. The answering affidavit also asserts that facts tend to indicate that Richard Mody owned stock of the corporation in early 1978, and that he held a position of managerial authority, had control of the corporate bank accounts and had knowledge of the overdrafts and dire financial condition of the corporation. It is alleged that (1) on October 10, 1977, Richard Mody entered into an agreement with Samuel Braunstein to purchase all the capital stock of the corporation; (2) on March 28, 1978, Richard Mody signed two checks drawn on an account with the Oneida National Bank; and (3) A. C. U. Transport, Inc., of which Richard Mody is president, has a pending application before the New York State Department of Transportation for approval of a proposed tranfer of the interstate operating rights of Meehan's Express, Inc., to A. C. U. Transport, Inc. It is further asserted that the above facts raise issues of fact as to the nature of his relationship to the corporate defendant, and an additional issue of fact as to whether Richard Mody conspired with or aided and abetted David P. Mody in the accomplishment of a scheme to defraud plaintiff and other creditors of Meehan's Express, Inc., through the transfer of the corporation's principal asset to A. C. U. Transport, Inc. An affidavit by William Sajler states: "On several occasions during January and February, 1978, defendant, David P. Mody and I had discussions concerning the steadily increasing overdraft balance on the Meehan's Express, Inc. checking account. Mody repeatedly assured me that plaintiff would be reimbursed for all overdrafts. * * * In reliance upon these assurances, I authorized the continued payment of checks drawn on the Meehan's Express, Inc. account." CPLR 3016 (subd [b]) provides: "Where a cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail." Further, to "plead a prima facie case of fraud the plaintiff must allege representation of a material existing fact, falsity, scienter, deception and injury" (*Lanzi v Brooks,* 54 AD2d 1057, 1058, affd 43 NY2d 778). On its face, the complaint herein totally fails to comply with these essential requirements. Considering the complaint and answering affidavits, there are no facts and circumstances disclosed upon which a finding of fraud could be properly founded. The assurances allegedly made by David P. Mody are mere expressions of a future intention to repay. Nothing is alleged indicative of an intent not to honor or act on such assurances. "Any inference drawn from the fact that the expectation did not occur is not sufficient to sustain the plaintiff's burden of showing that the defendant falsely stated his intentions" (*Lanzi v Brooks, supra*). Further, the evidence in the record of the deposits into the account on January 19, 27 and 30, 1978 are indicative of an intent to honor the assurances. Insofar as plaintiff attempts to impute fraud to the defendants because of their knowledge of the insolvency of the corporation, the law in this State is that an intent to defraud cannot be imputed merely from the fact of insolvency and the omission to disclose such fact (*Morris v Talcott,* 96 NY 100). Here, there was no request by plaintiff for a corporate financial statement, and none was furnished. There was, therefore, no express misrepresentation of the corporation's financial condition. All that was sought and obtained by plaintiff were assurances of repayment of the overdrafts, which assurances were merely promissory in nature and are not actionable (*First Nat. Bank of*

*Hamden v Kaufman,* 58 AD2d 668). Plaintiff's contention that the pending application for approval of a proposed transfer to A. C. U. Transport, Inc., of the interstate operating rights of Meehan's Express, Inc., shows a conspiracy to defraud plaintiff and other creditors of the defendant corporation through the transfer of the corporation's principal asset is without merit. The allegation of a proposed transfer without more does not establish a scheme to defraud creditors. Further, if such a transfer actually took place and the facts of the transfer established that it was in fraud of creditors, plaintiff would not be without a remedy. The order appealed from should be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.