■ HOPE L. MENAKER, Appellant, v SARA A. ALSTAEDTER et al., Respondents, et al., Defendants.—In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Lodato, J.), dated May 13, 1986, which granted the motion of the defendant Kahn and the cross motion of the defendant Alstaedter to dismiss the complaint insofar as it is asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof which granted those branches of the

motion and cross motion which were to dismiss paragraphs 16 through 21, and paragraph 22 (with the exception of the allegation that the conveyances in question were made with actual intent to defraud), of the first cause of action, and the second, third and fourth causes of action, and substituting therefor provisions denying those branches of the motion and cross motion; as so modified, the order is affirmed, with one bill of costs payable to the appellant by the respondents.

The defendants Alstaedter and Kahn, the respondents herein, sought to dismiss all five causes of action asserted in the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7), contending that they were all based on fraud and that the plaintiff had not pleaded the causes with the sufficiency of detail required by CPLR 3016 (b).

The first cause of action alleged fraudulent conveyances in violation of various sections of Debtor and Creditor Law article 10. Paragraphs 18 through 21 of the complaint alleged violations of Debtor and Creditor Law §§ 273, 273-a, 274 and 275 which do not require proof of an actual intent to defraud. Therefore, it is unnecessary to plead such paragraphs with the particularity required by CPLR 3016 (b) (see, 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3016.04; *Feist v Druckerman,* 70 F2d 333, 335). However, paragraph 22 of the complaint alleges a violation of Debtor and Creditor Law § 276 which, insofar as it alleges an actual intent to defraud (see, *Marine Midland Bank v Murkoff,* 120 AD2d 122, 125-128, *appeal dismissed* 69 NY2d 875; *Flushing Sav. Bank v Parr,* 81 AD2d 655, 656, *appeal dismissed* 54 NY2d 770) was properly dismissed for failure to comply with CPLR 3016 (b).

Nor does the plaintiff's second cause of action, alleging abuse of the privilege of incorporation, require such particularization of pleading (see, *Walkovszky v Carlton,* 18 NY2d 414, 420, *after remand* 29 AD2d 763, *affd* 23 NY2d 714).

CPLR 3016 (b) does not apply to violations of Business Corporation Law § 720 (a) (1), alleged in the third cause of action in plaintiff's complaint, because the prohibitions of that statute are not based on fraud (see, *Rapoport v Schneider,* 29 NY2d 396, 400).

Finally, the payment of dividends and distributions in violation of Business Corporation Law §§ 510 and 719 (a) (1), as alleged in plaintiff's fourth cause of action, is not based on fraud. Therefore, CPLR 3016 (b) does not apply to that cause of action either.

Because the court predicated its dismissal of the first

through fourth causes of action as against the respondents on the plaintiff's failure to plead those claims with the detail required by CPLR 3016 (b), those causes of action should be reinstated.

Concerning the plaintiff's fifth cause of action to recover damages for fraud, we conclude that the respondents' alleged failure to disclose their corporation's alleged insolvency is not actionable *(see, Morris v Talcott,* 96 NY 100, 107-108; *Marine Midland Bank v Meehan's Express,* 72 AD2d 624, 625); therefore, the granting of that branch of the motion and cross motion which were to dismiss the fifth cause of action should be sustained, without leave to replead. Weinstein, J. P., Rubin, Kunzeman and Sullivan, JJ., concur.